EMMA HARDWICK, Appellant, v. THE CITY OF INDEPENDENCE ET AL., Appellees.

Municipal corporations: CONSTRUCTION OF SEWERS: ASSESSMENTS:
1  VALIDITY. Although a city ordinance governing the construction of sewers may have been irregularly adopted, the validity of a special assessment for the cost of construction is not affected

by that fact, where there is a statute defining and authorizing the procedure; since an ordinance was not necessary.

Same: RECORD OF PETITION FOR IMPROVEMENT. Where the record made by the city council of proceedings for the construction of a sewer shows that the same was petitioned for as required by statute, the proceedings are not rendered invalid because the fact of the petition is not also shown in the record of the resolution authorizing the improvement, or does not appear in the resolution itself.

Same: ADOPTION OF RESOLUTION: SIGNATURE OF MAYOR. Where the mayor was present at a council meeting at which a resolution authorizing the construction of a sewer was passed, but failed to sign or veto the same, and allowed the time within which he is required to reconvene the council to consider a veto to elapse without taking any action in the premises, the resolution becomes operative.

Same: RECORD. A failure of the city clerk to record a resolution authorizing the construction of a sewer will not render the same inoperative.

*Appeal from Buchanan District Court.—* HON. F. C. PLATT,
Judge.

TUESDAY, DECEMBER 10, 1907.

ACTION in equity to set aside a special assessment made to defray the expense of constructing a sanitary sewer in the defendant city, and for injunction. On trial plaintiff's petition was dismissed with costs, and she appeals.— *Affirmed.*

*Cook & Cook,* for appellant.

*H. C. Chappell,* for appellee.

BISHOP, J.— The defendant city is organized under the statute as a city of the second class. Plaintiff owns two lots in said city, and the same are occupied by her as a homestead. During the year 1904 there was constructed by the city a sanitary sewer in the streets thereof, and during the month of December of that year the city proceeded to levy an assessment upon the property abutting on and

adjacent to such sewer, including the property of plaintiff, to pay the cost thereof. It is to set aside this assessment that plaintiff sues. The proceedings had leading up to the assessment are not in dispute. The contention arises over the legal sufficiency thereof. The substance of such proceeding as shown by the records of the council may be stated as follows: In May, 1904, a petition of property owners was presented to the council at a regular meeting asking for the construction of the sewer in question, and such petition was referred to the sewer committee of the council. That committee reported at the same meeting, to the effect that the petition was signed by a majority of the property owners along the line of the proposed sewer, and that such signers owned "a majority of the lineal front feet of property," which would be subject to assessment to pay the cost of construction. That following this report there was brought forward a proposed resolution of necessity ordering the construction of a sewer as prayed, and containing a provision that the cost should be paid by assessment according to benefits, providing, also, for the publication of notice asking for bids, and fixing a time for opening and acting upon bids made. Attached to the proposed resolution was a notice that the same would be considered for passage on June 15, 1904. That the proposed resolution and notice were approved as to form, and ordered published. The record of the meeting of June 15, 1904, shows that there was present the mayor and seven of the nine councilmen. That the resolution of necessity came on for consideration, and, proof of publication having been filed, it was moved that the resolution be adopted. The yeas and nays were called, and each of the seven members of the council present voted aye, whereupon the motion was declared in the affirmative. It was admitted on the trial that in making up his minutes of the meeting of June 15th, and in connection with making up his record of the adoption of the resolution, the city clerk did not at the time include mention of the fact that the

sewer was petitioned for by the abutting owners. Nor was such fact entered in the minutes of that meeting until December 26, 1905, when the clerk on his own motion added to his record the following: " The said improvement being petitioned for by the abutting property owners." It was also admitted that at a regular meeting of the council on July 11, 1904, the minutes of the meeting of June 15th were read and approved. It was also admitted that the resolution was not signed by the mayor of the city, that he did not refuse to sign the same, and that the city council did not pass the same over veto or refusal of the mayor to sign. It was also admitted that the city clerk " did not record said resolution in the ordinance book of the city with a minute of the facts making the resolution operative, until December 4, 1905." It appears that the work of construction of the sewer was completed on December 1, 1904, and the assessment complained of was made on December 12, 1904. Respecting the sewer ordinance of the defendant city, it was admitted that the same provided in general terms for the construction of sewers in the city, and for the regulation thereof, and that on the passage and adoption thereof the yeas and nays were not called and recorded in the minutes of the city council.

The facts of the case are comprehended in what is said foregoing, and based thereon appellant contends for a reversal upon several grounds, of which we shall treat in the order presented.

First. It is said that as the yeas and nays were not called and recorded on the adoption of the general sewer ordinance, the same was of no validity, and hence the city council was without jurisdiction to proceed 1. MUNICIPAL CORPORATIONS: construction of sewers: assessments: validity. to the establishment and construction of the sewer in question. Conceding invalidity to the ordinance in virtue of the provision of Code, section 683, we cannot agree that the city council was without authority to proceed. At no point in

the proceedings taken was reference made in · terms to
the ordinance, and it may well be. assumed that the
council were acting in reliance upon and pursuant to the
authority granted by the statutes on the subject.   On refer-
ence, it will be seen that the chapter of the Code devoted to
the subject of street improvements and sewers in cities (chap-
ter 7, title 5) provides in detail a method of procedure to be
followed in such cases, and, this being true, an ordinance
was not necessary.   *Martin v. Oskaloosa,* 126 Iowa, 680.

The next ground of contention is that the resolution
ordering the construction of the sewer was invalid, because
" the record of the council and the adoption of the resolution

**2. SAME: record of petition for improvement.** did not show whether the sewer was petitioned
for or made on a motion of the council."
This contention is based on Code, section
811, which provides that the vote on the resolution .
" shall be by yeas and nays, and entered of record,
and the record shall show whether the improvement was
petitioned for or made on the motion of the council."   In
view of the record before us, we are not disposed to concede
merit to this contention.   The purpose of the provision
found in Code, section 811, is made manifest when we
turn back to Code, section 793, part of the same chapter
devoted to street improvements and sewers.   It is there pro-
vided that the work of construction shall not be ordered
" until three-fourths of all the members ,of the council shall
by vote assent thereto, unless the same be petitioned for by
the owners of the majority of the linear front feet of the
property abutting thereon."   Clearly enough it was intended
that the records of the council should be made to show the
facts upon which jurisdiction to proceed is made to depend.
The minutes being made to show on what the action was
based — whether petition or motion — and the vote being
taken and recorded by yeas and nays, the fact of jurisdic-
tion, or the want of it, becomes matter of record.   In this
case we need not consider what result should follow where

the records of the council are wholly silent in respect of the exciting cause leading up to the adoption of a resolution of necessity.   Here the record made by the council shows that the sewer was petitioned for, and, upon examination, it was ascertained and made of record that the petitioners represented a clear majority of the lineal front feet, etc.   In this situation, and so prompted, the resolution of necessity was brought forward, and after due notice adopted.   As the record thus made it plain that the council was acting pursuant to the petition, it was not necessary that there should. have been embodied in the resolution itself a reference to the petition, nor was it necessary to again record the fact of the petition in connection with the entry of the vote on the resolution.   The statute requires no more than that the record relating to the particular improvement, taken as a whole, shall show on what the council acted.   And, once shown, it was enough.   The act of the clerk in subsequently making an entry in his minutes on the subject was therefore matter of no importance.

Lastly, it is contended that the resolution was invalid because of the failure of the mayor to sign the same, and the failure of the council to pass the same over the failure

3. SAME: adoption of resolution: signature of mayor.
or refusal of the mayor to sign; also, for the failure of the city clerk to record the same in the ordinance book of the city.   Two questions are involved in this contention — one as to the effect which should be given the failure of the mayor to sign, the ·other as to the effect which should be given the failure of the clerk to record.   Giving attention thereto in their order, it is the statute (Code, section 685) that every ordinance or resolution passed by a city council shall be signed by the mayor before the same shall be in force.   If the mayor refuses to sign, he shall call a meeting of the council within fourteen days thereafter, and return the same, with the reasons for his refusal.   " If he fails to call the meeting within the time fixed above, or fails to return the ordinance or resolu-

tion, with his reasons, as herein required, such ordinance or resolution shall become operative without such signature," etc. Going back, now, to the fact situation, it will be remembered that the mayor was present at the June meeting of the council, and, as it was his duty, we assume that he presided at such meeting. He did not refuse to sign the resolution, but, without calling a meeting of the council, allowed fourteen days to elapse without taking any action in the premises. Here there was a mere failure to sign, and under the plain language of the statute no further action on the part of the council was necessary. The resolution became operative on the expiration of the period named. The rule of *Heins v. Lincoln,* 102 Iowa, 69, cannot be given application because of the change in the statute to its present form following the decision in that case.

Code, section 685, further provides that "the clerk shall record it (the ordinance or resolution) in the ordinance book, with a minute of the facts making it operative." But the statute does not fix the time within which such record shall be made, nor is there any provision making such record a condition precedent to the operation of the resolution. In the case of an ordinance it is the express provision of Code, section 686, which is the section making requirement that an ordinance book shall be kept, that all ordinances shall go into effect on publication, and they are to be recorded in the ordinance book " as soon as may be after their passage." As there is no requirement that resolutions shall be published as a condition to their having force of operation, the conclusion follows quite naturally that it was intended that they should go into effect at once upon being adopted and approved. Indeed, such is manifest from the reading of section 685. In substance, it is there declared that a resolution shall be in force upon being signed by the mayor, or on the expiration of fourteen days if the mayor fails to sign. And it·is clearly contemplated in the language of the section that the record of

4. SAME: record.

the resolution — which, after all, is important only in an evidentiary sense — shall be made thereafter. When recorded, the book may be resorted to in proof of the passage of the resolution. It has no other function. We conclude that the contention of appellant on both phases is without merit.

It follows from what we have said that the action of the court below should have our approval, and accordingly the decree appealed from is *affirmed*.