ESTHER SWIGER, Appellant, v. WILLIAM EDEN et al., Appellees.

No. 46921.

NOVEMBER 12, 1946.

REHEARING DENIED JANUARY 17, 1947.

E. C. Halbach, of Clinton, for appellant.

H. I. Smith, of Clinton, and H. L. Irwin, of DeWitt, for appellees.

WENNERSTRUM, J.—Plaintiff filed an amended and substituted petition in an action against the officers of the town of Calamus, Iowa, and therein sought orders directing the officials of that municipality to issue to her a Class B permit for the sale of beverages, under the provisions of chapter 124, 1946 Code (chapter. 93.2, 1939 Code). It was in two counts. The first count was a mandamus action and the second was an action in certiorari. The proceedings of the town council were certified to the district court of Clinton county under the writ of certiorari. The trial court denied the relief sought, dismissed plaintiff's petition, and entered judgment against the plaintiff for costs. She has appealed from the ruling of the trial court.

Esther Swiger is a resident of the town of Calamus. It is shown that she has never been convicted of or charged with any public offense. She is married. Her husband operates a grocery store and meat market in Calamus. A permit is sought by her for the purpose of operating a tavern adjacent to the grocery store and meat market. It appears from the record that at the time of the presentation of her application there was attached

to it a certificate of the chief of the fire department as to the satisfactory condition of the building and also a certificate of the applicant's good moral character. She also tendered proper fees for the issuance of the permit and a tender was made of the necessary bond.

During the year 1937 the town council of Calamus enacted an ordinance seeking to limit the number of Class B permits for the sale of beer to two. Since that time there have not been more than two such permits issued. On or about May 7, 1945, the appellant applied for a Class B permit for the sale of beer and on the 31st day of May 1945 the town council of Calamus refused to grant it. The appellant commenced this action asking for a writ of mandamus. In the amended and substituted petition filed a writ of mandamus was sought and in a separate count appellant asked for a writ of certiorari. The court issued the writ of certiorari and a transcript of the proceedings of the town council was filed by the officers of the town. The original petition of the appellant was filed on June 13, 1945, and the amended and substituted petition, to which reference has previously been made, was filed on September 14, 1945. On July 2, 1945, which was subsequent to the filing of the original petition and prior to the filing of the amended and substituted petition, an ordinance limiting the issuance of Class B permits to two was passed by the town council of Calamus, Iowa. This last-referred-to ordinance was apparently enacted because a question had arisen as to the legality of the original limiting ordinance passed on May 3, 1937, due to the failure to publish notice of its enactment. It is claimed that the last ordinance became effective on publication July 11, 1945.

Section 124.34, 1946 Code (section 1921.129, 1939 Code), sets forth the powers of municipalities relative to the issuance of permits for the sale of beer and malt liquors, and such part of this section as pertains to the question involved in this appeal is as follows:

"Cities and towns, including cities under special charter, are hereby empowered to adopt ordinances for the enforcement of this chapter, and are further empowered to adopt ordinances providing for the limitation of class 'B' permits, provided, how-

ever, where an ordinance is adopted providing for the limitation of class 'B' permits the minimum limitation shall not be less than one class 'B' permit to be issued upon application meeting the requirements of this chapter for each five hundred population or fractional part thereof up to twenty-five hundred population and one additional permit for each seven hundred fifty population or fractional part thereof over and above twenty-five hundred population. However, in towns having a population of one thousand or less, at least two permits shall be allowed if proper application is made therefor in accordance with the requirements of the provisions of this chapter * * *.''

It was conceded by counsel for the appellees during the trial that the ordinance passed in 1937 was not a legal ordinance. The question then presented is as to the effectiveness of the 1945 ordinance and as to the admissibility of it in evidence.

At the beginning of the trial counsel for appellant dictated into the record a stipulation as to certain exhibits. This stipulation was not formally agreed to by counsel for the appellees but it was in substance so agreed to by reason of the fact that the appellees' counsel, following the dictated stipulation, made the following record:

''Mr. Smith: It is further hereby stipulated that Defendants' Exhibit 1, being the official minutes of the regular meeting of the Town Council of the Town of Calamus, Iowa, on May 3, 1937, constitutes the proceedings of said town officers as set out therein.

''It is further stipulated that Defendants' Exhibit 2 are the official minutes of the proceedings of the Town Council of the Town of Calamus, Iowa, on the 2nd day of July, 1945, and that the same constitutes the official proceedings of said Town Council as of the meeting of that date, the same being set out on the lower part of page 69 of the official minutes of the Town of Calamus, Iowa.

''It is further stipulated that Defendants' Exhibit 3 is a proof of publication as set out therein by the publisher of the Wheatland Gazette in the Town of Wheatland, and is a newspaper of general circulation in Clinton County, Iowa, and that said Exhibit 3 appears in the Transcript under Writ of Certi-

orari as filed in this case in the office of the Clerk of the District Court of the State of Iowa in and for Clinton County. It is further stipulated that there is no newspaper published in the town of Calamus, Iowa.

"It is further stipulated that the population of the Town of Calamus, Clinton County, Iowa, at all times material to this case is 402 persons and that Calamus is an incorporated town situated in Clinton County, State of Iowa.

"It is further stipulated that there were as of date May 7, 1945, two Class B beer permits in force and effect and outstanding and taverns operating thereunder in the Town of Calamus, Iowa.''

I. It is the appellant's contention that there was no plea and proof that an ordinance existed in the town of Calamus limiting the issuance of Class B beer permits to two in number. It is further contended that there is no proof that there was in existence a valid ordinance prohibiting the issuance of a beer permit to the appellant. This contention is apparently directed to the ordinance enacted on July 2, 1945, and published July 11, 1945.

The stipulation to which reference has heretofore been made is of importance in the light of the contention now made on this appeal in that there were no objections made by appellant's counsel to the portion of the stipulation dictated into the record by appellees' counsel.

It is stated in 50 Am. Jur., Stipulations, section 17, as follows:

"* * * litigants or their counsel may mutually agree or stipulate as to certain facts in the case. Such stipulations take the place of evidence with regard thereto, and are favored and encouraged by the courts. Such a statement is also held to operate as a waiver of questions of pleading or of form of action. A stipulation of facts upon which a case is submitted for decision may be taken with all the admitted facts and the inferences legitimately to be drawn from them * * *.''

It is further stated, in 50 Am. Jur., Stipulations, section 8, as follows:

"As a general rule, stipulations should receive a fair and liberal construction, in harmony with the apparent intention of the parties and the spirit of justice, and in the furtherance of fair trials upon the merits, rather than a narrow and technical one calculated to defeat the purposes of their execution. The terms of a stipulation should not, however, be so construed as to extend beyond that which a fair construction justifies. In all cases of doubt, that construction should be adopted which is favorable to the party in whose favor it is made. A stipulation must be construed in the light of the circumstances surrounding the parties and in view of the result which they were attempting to accomplish * * *."

■ It is apparent from the stipulation dictated into the record that it was made for the purpose of expediting the trial of the case and to avoid the necessity of proof relative to the records and the claimed adoption of an ordinance. It is our conclusion that no narrow construction of this stipulation should be made and that the exhibits to which references are made in the stipulation were properly considered by the trial court and should be considered by us on this appeal.

■ II. There is a further reason why the last-enacted ordinance should receive our consideration. It is claimed that this ordinance had not been properly recorded in the records of the city council. Section 366.6, 1946 Code (section 5719, 1939 Code). Admitting that this ordinance had not been properly recorded, we cannot hold that such fact invalidates the ordinance. The recording of an ordinance is not mandatory but is directory. This was our holding in Hardwick v. City of Independence, 136 Iowa 481, 488, 114 N. W. 14, and we are now disposed to adhere to it.

■ III. It is appellant's further contention that the passage of a claimed valid ordinance after an action was commenced would not affect pending litigation. We cannot approve of this contention. In fact, it is our conclusion that the trial court properly dismissed the appellant's action and we approve of the following statement in its ruling:

"* * * this court will not do an idle thing and issue a writ forcing the Town of Calamus, Iowa, to issue a permit when

there was existing at the time a valid ordinance limiting the number of Class B permits to two in number."

This holding finds support in 1 C. J. S., Actions, section 17d, where it is stated:

"* * * although a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character it becomes a moot case or question which will not be considered by the court, unless it is one of great public importance, as where it involves a determination of public rights or interests under conditions which may be repeated at any time."

In the pending litigation there is no vital public question that necessitates our taking compulsory action. As bearing upon this last-quoted statement, see Aetna Ins. Co. v. Chicago G. W. R. Co., 190 Iowa 487, 492, 493, 180 N. W. 649, 16 A. L. R. 249; Fuchs v. Common Council of Grass Lake, 166 Mich. 569, 132 N. W. 96.

Upon the authorities cited we hold that the appellant's action was properly dismissed by the trial court and that it should be affirmed.—Affirmed.

GARFIELD, C. J., and OLIVER, HALE, BLISS, SMITH, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.