## ALEXANDER v. MUNICIPAL COURT OF APPEALS.*

### No. 7130; October 31, 1884.

#### 4 Pac. 961.

**Certiorari—Rehearing not Permissible After Judgment.**—Certiorari cannot be used to review an error or irregularity committed in exercise of a court's jurisdiction. A rehearing after judgment, on a writ of review, cannot be had in the lower court. The question upon the return of the writ is whether the court, whose judgment is the subject matter of review, pursued its jurisdiction, and the judgment on that question is reviewable only on appeal.

**Municipal Court of Appeals—Dismissal of Appeal.**—A dismissal of an appeal from the justice's court, taken on questions of law and fact, by the municipal court of appeals of the city and county of San Francisco, after the cause has been placed on the calendar by stipulation of the parties, if the appellant fails to appear at the trial, although no notice of a motion to dismiss has been given, though irregular, is not reviewable on certiorari.[1]

---

*For subsequent opinion in bank, see Alexander v. Municipal Court of Appeals, 66 Cal. 387, 5 Pac. 675.

[1] Cited in Robin v. Pierce, 10 Cal. App. 736, 103 Pac. 772, and distinguished from a case where an appeal has been fully perfected, in which case the court says there is no warrant for dismissing the appeal on motion based on the alleged ground of failure to prosecute with diligence.

Cited in Robin v. Pierce, 10 Cal. App. 736, 103 Pac. 771, and explained there as making the power to dismiss, with costs and penalty, for failure to prosecute (under section 980 of the Code of Civil Procedure), apply only to cases wherein there was a failure technically to perfect the appeal.

Cited in Kraker v. Superior Court, 15 Cal. App. 653, 115 Pac. 664, and given there as authority for there being no duty imposed upon a defendant, appealing from a justice's decision, to bring the case on for trial, since in such cases the hearing on appeal is a trial de novo and the plaintiff the active party.

APPEAL from the Superior Court of the City and County of San Francisco.

R. P. Wright for appellant; J. Rothchild for respondent.

McKEE, J.—Appeal from a judgment in proceedings on a writ of review, affirming an order made by the late municipal court of appeals of the city and county of San Francisco, dismissing an appeal, and from an order setting aside an order granting a rehearing. The order dismissing the appeal was made by the municipal court of appeals in a case pending before it, on an appeal taken from the judgment of a justice's court on questions of both law and fact. While the case was there pending the parties stipulated in writing that it be placed on the calendar of the court for trial, and that was done; but on the calling of the case in its order on the calendar for trial, the appellant did not appear, and the court, upon motion of respondent, ordered that the appeal be dismissed for want of prosecution. That order was made and entered without proof of service of notice of the motion upon the appellant; and it is contended that the court exceeded its jurisdiction in making the order without proof of such service.

The contention is founded upon section 980, Code of Civil Procedure. That section, as it existed at the time of the proceedings which are called in question, provided: "Upon an appeal heard upon a statement of the case, the county court may review all orders affecting the judgment appealed from, and may set aside or confirm or modify any or all of the proceedings subsequent to and dependent upon such judgment, and may, if necessary or proper, order a new trial. When the action is tried anew, on appeal, the trial must be conducted, in all respects, as trials in the district court. The provisions of this code as to changing the place of trial, and all the provisions as to trials in the district court, are applicable to trials on appeal in the county court. For a failure to prosecute an appeal, or unnecessary delay in bringing it to a hearing, the county court, after notice, may order the appeal to be dismissed," etc.

These provisions regulated the practice of the court in (1) cases where appeals were taken on questions of law alone;

(2) where appeals were taken on questions of both law and fact; and (3) where there was failure to prosecute the appeal, or unnecessary delay in bringing it to a hearing. The last case arose where an appellant failed to do any of the acts required by section 977, Code of Civil Procedure, in perfecting his appeal, or in causing the papers in the case to be transmitted and filed in the appellate court. For any omissions or unnecessary delay in the performance of the requisite acts, the respondent in the case was entitled, after notice to the appellant, to have the appeal dismissed. But, in the case under review, there was no failure to prosecute the appeal and no unnecessary delay in bringing it to a hearing; for the papers in the case were promptly transmitted to and filed in the appellate court, and the parties stipulated in writing that it should be heard as soon as it was reached in its order upon the calendar of the court. The appeal was, therefore, not one of the class of cases dismissible upon notice for failure to prosecute the appeal, or for unnecessary delay in bringing it to a hearing; it was an appeal ready to be heard and determined on the questions of both law and fact on which it had been taken. If heard on questions of law, the appellant was the actor; if on questions of fact, the plaintiff in the action, although respondent on the appeal, was the actor; and, when the case was called for trial, the burden of proof was upon him to make out his case, whether the appellant appear or did not appear. Regularly, therefore, the respondent, when the case called for trial de novo, ought to have proceeded with the case and taken a judgment. Instead of taking that course he moved to dismiss the appeal. Assuming that that was an irregular proceeding, it did not affect the jurisdiction of the court over the appeal. In the exercise of its appellate jurisdiction the court had authority to hear and determine the motion to dismiss. The fact that the motion was made without notice to the nonappearing appellant was not jurisdictional. The decision of the motion without requiring proof of notice of the motion may have been error; but, if so, it was error within the jurisdiction of the court, and an error or irregularity committed in the exercise of jurisdiction is not reviewable on certiorari.

Therefore, the judgment on the writ of review, affirming the order of the municipal court, was correct; but the subsequent order granting a rehearing on the writ was incorrect, and it was proper for the superior court to set aside that order.

There is no such thing as a rehearing after judgment on a writ of review. The case is heard upon the return made to the writ; and the only question upon the return is whether the court, whose judgment or order is the subject matter of review, pursued its jurisdiction: Code Civ. Proc., sec. 1074. The judgment rendered on that question is reviewable only on appeal. Judgment and order affirmed.

We concur: Ross, J.; McKinstry, J.