## BARNES v. SOUTHERN RAILWAY COMPANY.

(Filed October 15, 1903.)

TRIAL — *Appeal* — *Dismissal* — *Justices of the Peace* — *Appearances* — *Judgment*—*The Code, sec. 880.*

Where the defendant, in an appeal from a justice of the peace, fails to appear in the superior court, having answered and raised a material issue, no judgment can be entered against him without a trial.

ACTION by J. D. Barnes against the Southern Railway Company, heard by Judge *H. R. Bryan,* at May Term, 1903, of the Superior Court of HARNETT County. From a judgment for the plaintiff the defendant appealed.

*Stewart & Godwin,* for the plaintiff.
*F. H. Busbee & Son,* for the defendant.

WALKER, J. The plaintiff brought this action before a justice of the peace to recover damages for injury to a lot of tobacco shipped by him over its line of railway. It appears that issue was joined between the parties before the justice who tried the case and gave judgment for the plaintiff, from

which the defendant appealed. No question was made in this Court as to the regularity of the appeal. The defendant seems to have complied in all respects with the law relating to such appeals, and the case was duly docketed in the Superior Court. At May Term, 1903, the Court rendered judgment "that the defendant's appeal be dismissed," for the reason, as was admitted in this Court, and as is stated in the brief of defendant's counsel, that the defendant had failed to appear and prosecute his appeal.

The Code provides that where an appeal is taken from a justice of the peace a return to the appeal shall be made by the justice to the Superior Court, and "the Clerk shall docket the case on his trial docket for a new trial of the whole matter at the ensuing term of the Court." The Code, sec. 880. When there is an appeal, therefore, the whole case must be tried de novo in the Superior Court. This being the law, the case stood upon the docket for the purpose of a trial just as any other case then pending in that Court which was at issue, and the mere absence of the defendant did not relieve the plaintiff from the necessity of establishing his cause of action before a jury. When a case brought to the Superior Court by appeal from a justice of the peace is called for trial, if the plaintiff does not appear and prosecute, the Court can have him called out and enter a non-suit, but the same rule does not apply to a defendant who absents himself. No judgment can be entered against him, if he has answered and has raised a material issue, without a trial. In such a case there must be a verdict before there can be a judgment. The Court can only dismiss an appeal when there is some defect or irregularity in the method of taking or docketing it. There was error in dismissing the defendant's appeal, and the judgment will be set aside, and the case will stand for trial in its regular order.

Error.