CATHERINE V. FOGARTY, Administratrix, v. S. E. BATTLES, Appellant.

**Actions:** PROCEDURE ON APPEAL FROM JUSTICE. The rule requiring the dismissal of a cause in which the petition has been on file for more than a year, unless cause is shown why the case has not been disposed of, authorizes simply the dismissal of a case appealed from a justice court where more than a year has elapsed with no action on the appeal, and does not authorize the court to proceed with the trial of the cause on its merits, without notice; but the further disposition of the case is governed by the statute requiring either party desiring to dispose of the case to file a trial notice, without which the court has no authority to proceed to trial except by consent of the parties.

**Same:** JUDGMENTS: VACATION FOR FRAUD. Where the attorney for plaintiff, obtaining a judgment in justice court, took advantage of the district court on appeal by concealing the fact that notice of trial had not been filed, and induced the court to proceed with the trial in the absence of defendant, the judgment rendered was procured by such fraud as authorizes a vacation of the same under the provision of the Code, section 4091.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREENE, Judge.

SATURDAY, DECEMBER 18, 1909.

IN May, 1904, D. J. Fogarty recovered judgment against the defendant for the sum of $100 and costs in the justice court of H. O. Owen, Esq., from which an appeal was taken to the district court. Several depositions were taken thereafter and filed. The cause was noticed for trial several times, and at one time continued on motion of plaintiff. Though not noticed for trial at the January, 1908, term of court, nor assigned for that purpose, the following entry appears of record: "On this day this cause coming on in the order of its assignment, upon motion of plaintiff's attorney, Katharine V. Fogarty, administratrix of the estate of D. J. Fogarty, deceased, is substituted as plaintiff, the death of D. J. Fogarty being suggested; and thereupon this cause comes on for trial in the order of its assignment, the plaintiff appearing by F. Benjamin, her attorney, and the defendant appears not nor any one for him, and, upon the submission hereof, it is ordered that the judgment of the lower court be, and the same is hereby, affirmed, and that the plaintiff have judgment for one hundred dollars and costs both of the lower court and this court. Wherefore it is ordered and adjudged that the plaintiff, Katherine V. Fogarty, administratrix, do have and recover of and from the defendant, S. E. Battles, the sum of one hundred dollars, with interest at six percent from May 16, 1904, the costs of this action taxed at $36.90, and accruing costs, and that execution issue therefor." The defendant filed a petition September 17th following, praying, in substance, that the judgment be set aside (1) for irregularity in obtaining it, (2) for fraud practiced in obtaining it, and (3) because the administratrix was not substituted as party plaintiff before the judg-

ment was rendered.   On hearing the petition was dismissed, and defendant appeals.—*Reversed.*

*Bowen, Bremner & Alberson,* for appellant.

*Fremont Benjamin,* for appellee.

LADD, J.—The action was on an order for nursery stock signed by defendant.   The price appeared in the order as $105, but defendant pleaded as a defense that this was but $10 when the order was given, and that it had been altered without her consent so as to call for the payment of $105.   She resided near Mingo, northeast of Des Moines, and her attorneys are engaged in the practice of law at the latter place.   All this must have been well known to counsel for plaintiff, as a half dozen depositions had been taken, tending to sustain the defense.   Nevertheless, though knowing the cause had not been noticed for trial, and therefore was not assignable for that purpose, he insisted upon the entry of judgment.   The case may have appeared on the list of cases printed by the clerk for the convenience of attorneys and court, but it was not among those recorded by the clerk as having been assigned.   Moreover, the attorney knew it was not assigned at his instance, and the circumstances were such as to justify an inference on his part that no one else had procured this to be done.   He testified: "I do not know how it came to be assigned.   It was not assigned on my motion, and why it was assigned I do not know; but I was called to the courtroom by the bailiff or Judge Thornell stating that matter was for disposition, and at that time I asked that the case be dismissed for want of prosecution, that the appeal be dismissed for want of prosecution, and called his attention to the fact that there had been no proceedings in it for more than a year.   I think, personally, I had not heard from the attorneys for a great length of time.   I do not know how

long it was. I believed the case ought to be. dismissed.
There being no appearance for the appellant, the appeal
was dismissed."

The appeal had been perfected, however, and the cause
was pending in the district court, "for trial on the merits
alone." Section 4562, Code. All further proceedings
in the justice court had been suspended, and
the cause was "in the court to which the
appeal is taken." Section 4553, Code. Up-
on such appeal the judgment of the justice is vacated, in
this respect differing from the rule which obtains in appeals
from the district court, it being expressly provided that
these shall not vacate or affect the judgment appealed from.
For these reasons it is not clear what relief the attorney
was demanding or claimed was granted save as this appears
in the judgment rendered. From the circumstance which he
called to the attention of the court that nothing had been
done for more than a year, possibly it may be inferred that
he intended to invoke a rule of the district court requir-
ing the clerk to place on the docket "all undisposed of cases,
and shall, opposite the title of each case, note the date of
the filing of the petition, and if the case has been noticed
for trial shall note that fact. It shall be the duty of the
court at each term to call and dismiss every case in which
the petition has been on file for one year unless good cause
is shown why it has not been disposed of." But this did
no more than authorize the dismissal of the case, an entire-
ly different thing from entering judgment. If nothing
had been done for more than a year, for all that appears
this was quite as much the fault of one side as the other,
and it can not be assumed that the court entered the judg-
ment on this ground. Section 3658 of the Code provides
that: "In any case once continued, where an answer is
on file, either party desiring to bring such cause on for
trial at any term shall, at least ten days before such term,
file with the clerk a notice of trial and no such cause shall

1. ACTIONS: pro-
cedure on
appeal from
justice.

stand for trial unless a trial notice be so filed, except by consent of parties." And yet, according to this record, the court proceeded with the trial, for proof must have been introduced to warrant the rendition of the judgment, in the absence of any trial notice and without the formality of first assigning for trial as contemplated in the section following.

But according to the testimony quoted the court was under the apprehension that the case "was for disposition." The attorney, as seen, knew this was not so, and without so advising the court, insisted upon what he designates the dismissal of the appeal which must be construed, in view of what followed, upon the rendition of judgment. To take judgment under these circumstances was something more than a mere irregularity. It was taking advantage of the court's misapprehension of the record by concealing the facts which he, as an officer of the court, was bound to disclose, and this for the manifest purpose of preventing the defendant from interposing her defense, and we. think was clearly within the paragraph of section 4091 of the Code providing for the vacation of a judgment when fraud is practiced in obtaining it. The district court should have set the judgment aside, and allowed the cause to proceed to trial. —*Reversed.*

2. SAME: judgments: vacation for fraud.