This matter represents two proceedings in this court which have been ordered consolidated and submitted together.
The controversy involves proceedings in the district court after an appeal had been perfected from a judgment entered by a justice of the peace. In the petition before the justice, appellee sought to recover the sum of $94 claimed to be due on account, by virtue of the sale of a radio to appellant. Appellant filed a verified answer asserting three defenses, one of which was based upon the allegation that the delivery of the radio was conditional, and, as the condition was not complied with, the sale was never completed. The other two defenses involve the legality of the assignment of the account to appellee by the trustee in bankruptcy for the original seller. Trial was had in the justice court before a jury, which returned a verdict in favor of appellee, upon which verdict judgment was entered in the sum of $74 together with interest and costs. Appellant perfected his appeal to the district court and the case was docketed September 1, 1930. *Page 623 
Nothing appears to have been done about the case in the district court, and a year later, on September 24, 1931, the judge entered upon the court calendar the following:
"Sept. 24, 1931. Dismissed under Rule 4."
The court rules included the following:
"Fourth: That all cases that have been pending, undisposed of, on the court's calendar for one or more years, which have not been noticed for trial for the pending term, shall be dismissed without prejudice at plaintiff's cost."
Pursuant to the aforesaid entry on the calendar and purportedly in conformity with said Rule 4, the clerk, on the same day, entered in the journal a judgment which recited that the appeal
was dismissed, without prejudice, for failure to comply with Rule 4, the judgment of the justice was therefore confirmed and judgment was accordingly rendered against appellant in the sum of $74 with interest at 6 per cent per annum from August 22, 1930, and for costs taxed at $20.65. The proceedings in the district court which resulted in such judgment were had in the absence of counsel for either party and without knowledge of such counsel.
In the summer of 1938, appellant had an abstract of title prepared in reference to some real estate owned by him. The judgment was included in the abstract. This was the first actual notice or knowledge of the judgment in the district court which either appellant or his attorney received. Appellant promptly filed a motion to correct the record, which recited the entry on the calendar and the judgment entered by the clerk pursuant thereto, and asserted that the entries of the clerk were made without the knowledge of or notice to either party or the court, were unauthorized and void, not in conformity with the order of court, not signed by a judge of the court, that no attempt was made to enforce the pretended judgment, and that defendant did not learn thereof until a few days previous when it appeared upon his abstract of title. Appellant prayed that the court expunge the entries of the clerk and substitute therefor the provision "that said cause was, on September 24, 1931, dismissed without prejudice at plaintiff's cost" and that the records of the court be so corrected nunc pro tunc as of September 24, 1931. *Page 624 
Appellee resisted the motion, asserting that appellant, by his appeal, undertook the duty to prosecute the same with reasonable diligence, that the appeal had the effect of suspending proceedings in the justice court, but was properly dismissed by the entry of the district court in September, 1931; that appellant had constructive notice thereof, and any right he might claim to have the order or judgment set aside has been waived and surrendered by delay and negligence; that no proper showing of excuse for delay was made or of any fraud, unavoidable casualty or misfortune preventing appellant from filing his motion or petition promptly.
Trial was had before the court. Appellant introduced evidence to support the allegations of his motion. The judge testified that he had no recollection of the circumstances under which he made the entry but indicated that the list of dismissals is customarily prepared by the clerk and the entries in the calendar made by a judge from such list. Appellee introduced no evidence and the matter was submitted.
The court determined that appellant's contention that, upon an appeal from justice court even by a defendant, the cause stands for trial anew, was not determinative because, appellant having brought the case to the district court and having failed to bring it on for trial, the rule required dismissal of the appeal. The court accordingly denied the motion to correct the record except that the judgment entered by the clerk was expunged and, in lieu thereof, it was determined that the dismissal of the appeal was without prejudice to appellee's right to file a transcript of the judgment of the justice of the peace and enforce the same.
Appellant's counsel, being apprehensive as to the amount involved, presented to the judge a certificate to allow an appeal under section 12833 of the Code, but the certificate of appeal was refused. Notwithstanding such refusal, appellant served notice of appeal and also applied to a judge of this court for a writ of certiorari. The application was granted and the writ issued, and, upon further order, the appeal and proceedings in certiorari were consolidated and the two matters submitted together in this court.
[1] I. At the outset, we are faced with appellee's motion to dismiss, which is based upon the assertion that the amount *Page 625 
in controversy is less than $100, and accordingly, since the trial court refused to grant a certificate pursuant to the provisions of said section 12833, this court has no jurisdiction to entertain the appeal.
This court has recognized repeatedly that, in determining the amount in controversy under this section, the allegations of the pleadings are controlling. Lingo v. Belt, 198 Iowa 1276,201 N.W. 5. We have also held that, where an appeal is taken from a judgment by a justice of the peace, interest on the judgment will not be considered in determining the amount in controversy where the propriety of the judgment is the only issue. Hays v. Chicago B. Q. Ry., 64 Iowa 593, 21 N.W. 98. We have also held that costs taxed by the justice are not to be included in determining the amount in controversy. Ardery v. Chicago B. Q. Ry., 65 Iowa 723,23 N.W. 141. In this case, the petition filed before the justice sought recovery in the sum of $94. No amendment to the petition was filed in the district court and, accordingly, under the pleadings which concern the original demand of appellee, only $94 is involved and, were the pleadings in the justice court and the appeal from the judgment of the justice the only matters involved, the motion to dismiss would be well grounded.
However, under the record here presented to us, other matters are involved. The pleadings, upon which the district court acted herein, were not the pleadings filed prior to the dismissal of the appeal and the entry of judgment in the district court, but are pleadings filed since that time, namely, appellant's motion to correct the record and appellee's resistance thereto. These pleadings are the ones which determine the amount in controversy and, when they are considered, we are of the opinion that the jurisdictional amount is shown to be involved.
In the case of Holmes v. Hull, 48 Iowa 177, a judgment, rendered by a justice of the peace, was attacked by independent proceedings in the circuit court on the grounds that the justice had no power or jurisdiction to render the same. The judgment was for $100 and $6.25 costs, the judgment to bear interest from its date. The proceedings in the circuit court were commenced two weeks after the judgment had been rendered. This court held that the interest, which accrued during that two *Page 626 
weeks' period, should be included in determining the amount in controversy and, accordingly, more than $100 was involved. In the case of Dryden v. Wyllis, 51 Iowa 534, 1 N.W. 703, an action was brought to vacate a judgment rendered by a justice of the peace on the grounds that it was illegally obtained, and that fraud had been practiced by the plaintiff and his attorney. The judgment was for $100 and costs. The proceedings were commenced one year after the judgment was rendered. This court held that the interest, accruing after the judgment was rendered, should be added to the amount of the judgment and, accordingly, more than $100 was involved. The holdings of this court in the two cases last cited were expressly followed in the case of Griffin Adams v. Harriman, 74 Iowa 436, 38 N.W. 139.
The cases last above cited seem to be controlling here. Appellant's motion to correct the record was filed in the district court July 9, 1938. This motion attacked a purported judgment of the district court for the sum of $74 with interest at 6 per cent from August 22, 1930. The accrued interest was approximately $35, which, added to the amount of the judgment, developed an amount in controversy in excess of $100. Accordingly, appellee's motion to dismiss the appeal herein must be and it is overruled.
[2] The petition in certiorari is based upon the contention that the court exceeded its jurisdiction in the interpretation of its Rule 4. However that may be, since appellant has a complete remedy by appeal herein, the proceedings in certiorari are unnecessary. The writ is annulled.
[3] II. In determining whether or not the court erred indismissing appellant's appeal for want of prosecution, we deem it important to note that there are two methods whereby proceedings before a justice of the peace may be transferred to the district court. Section 10582 provides for such a transfer by appeal, and section 10605 provides for such transfer by writ of error. In this case, appellant undertook to bring the case to the district court by appeal. Accordingly, the statutes which refer to proceedings on appeal are the ones which we now undertake to construe, and we do not undertake to discuss or interpret the statutes in reference to proceedings on writ of error. *Page 627 
Section 10589 of the Code provides that, upon appeal being perfected, all further proceedings before the justice shall be suspended and the case will be in the court to which the appeal is taken. Section 10595 provides that, if the appellant fails to pay the docket fee and have the case docketed by noon of the second day of the term at which the appeal should come on for trial, the appellee may do so and have the judgment below affirmed or have the case set down for trial on its merits, as he may elect. This section also provides for appellant setting aside the default upon proper showing. Section 10598 provides: "An appeal brings up the action for trial on the merits alone." This statute clearly indicates that, where the appeal is properly perfected and docketed, the case is in the district court as though it had been commenced there, and the judgment of the justice is vacated. Such seems to be the general rule of construction of similar statutes. In 16 R.C.L. 406, it is stated:
"Where the effect of an appeal is to transfer the entire record to the appellate court for a retrial as though originally brought therein, the judgment appealed from is completely annulled, and is not thereafter available for any purpose."
The rule above announced was recognized and applied by this court in the case of Fogarty v. Battles, 145 Iowa 61,123 N.W. 952. The language of this court in that case, appearing at page 64 of 145 Iowa, 123 N.W. at page 953, would seem to be directly applicable to the situation now before us. We there state:
"The appeal had been perfected, however, and the cause was pending in the district court, `for trial on the merits alone.' Section 4562, Code. All further proceedings in the justice court had been suspended, and the cause was `in the court to which the appeal is taken.' Section 4553, Code. Upon such appeal the judgment of the justice is vacated, in this respect differing from the rule which obtains in appeals from the district court, it being expressly provided that these shall not vacate or affect the judgment appealed from. For these reasons it is not clear what relief the attorney was demanding or claimed was granted save as this appears in the judgment rendered. From the circumstances which he called to the attention of the court that *Page 628 
nothing had been done for more than a year, possibly it may be inferred that he intended to invoke a rule of the district court requiring the clerk to place on the docket `all undisposed of cases, and shall, opposite the title of each case, note the date of the filing of the petition, and if the case has been noticed for trial shall note that fact. It shall be the duty of the court at each term to call and dismiss every case in which the petition has been on file for one year unless good cause is shown why it has not been disposed of.' But this did no more than authorize the dismissal of the case, an entirely different thing from entering judgment. If nothing had been done for more than a year, for all that appears this was quite as much the fault of one side as the other, and it can not be assumed that the court entered the judgment on this ground."
The language of this court above-quoted sustains the contentions of appellant herein, and demonstrates that, if that case is to be followed, the district court was in error. We are of the opinion that the decision is sound and that the language used is a proper statement of the law. It also appears to have abundant support in the decisions from other jurisdictions having statutes similar to ours.
In the case of Chenowith v. Keenan, 61 W. Va. 108, 55 S.E. 991,992, the court states:
"But an appeal from a justice's judgment vacates the judgment and calls for a new trial, on which evidence and pleadings, though not before the justice, will be received. * * *
"The question in this case is this: Did the court err in allowing the plaintiffs to have the defendant, Keenan, called, and, he not appearing, dismiss his appeal, and render judgment for the plaintiffs affirming and repeating the judgment of the justice? We think it is very plain that the court erred herein. From authority given above, Keenan's appeal simply brought the case for a new trial into the circuit court. The appeal worked that result. The plaintiffs were still under obligations to prove their case."
In the case of Rabin v. Pierce, 10 Cal.App. 734, 103 P. 771, the court states:
"Section 980 of the Code of Civil Procedure, which confers *Page 629 
upon the superior court power to dismiss an appeal, with costs, or costs and penalty, for a failure to prosecute the same, has been by the Supreme Court of this state, in the case of Alexander v. Municipal Court of Appeals (Cal. [2 Cal. Unrep. 390]) 4 P. 961, held to apply only to cases wherein there was a failure
technically to perfect the appeal. There is no warrant for the superior court to dismiss an appeal, after the same is once fully perfected, upon the motion of the plaintiff, because the appellant has failed to prosecute the appeal with diligence. The authority last cited determines the proposition that, where the appeal is upon questions of both law and fact, the plaintiff is the actor in the superior court, and that it is his duty to cause the prosecution of the action to a final determination, and no duty in that regard devolves upon a defendant, who is the appellant, notwithstanding he is invoking the jurisdiction of the appellate court."
In the case of Barnes v. So. Ry. Co., 133 N.C. 130,45 S.E. 531, is another case in which the defendant appealed from a judgment entered against him by a justice of the peace and the court to which the case was transferred undertook to dismiss it. In reversing the case, the court states:
"At May term, 1903, the court rendered judgment `that the defendant's appeal be dismissed,' for the reason, as was admitted in this court, and as is stated in the brief of defendant's counsel, that the defendant had failed to appear and prosecute his appeal. The Code provides that where an appeal is taken from a justice of the peace, a return to the appeal shall be made by the justice to the superior court, and `the clerk shall docket the case on his trial docket for a new trial of the whole matter at the ensuing term of the court.' Code [1883], sec. 880. When there is an appeal, therefore, the whole case must be tried de novo in the superior court. This being the law, the case stood upon the docket for the purpose of a trial just as any other case then pending in that court which was at issue, and the mere absence of the defendant did not relieve the plaintiff from the necessity of establishing his cause of action before a jury. When a case brought to the superior court by appeal from a justice of the peace is called for trial, if the plaintiff does not appear and prosecute, the court can have him called out, and enter a nonsuit; but the same rule *Page 630 
does not apply to a defendant who absents himself. No judgment can be entered against him if he had answered, and has raised a material issue, without a trial."
In the case of Reagan v. Louisiana Western Ry. Co.,143 La. 754, 79 So. 328, 329, plaintiff had recovered judgment in a justice court. Defendant appealed to the district court. The plaintiff there moved the court to dismiss the appeal for want of prosecution on the part of the defendant. The motion was overruled and on appeal the ruling was affirmed, the court stating:
"To hold that the statute is authority for a district judge to dismiss an appeal, because of the lapse of five years without any steps being taken in the prosecution thereof, we would have to say that a defendant who appeals from a judgment rendered in a justice of the peace court becomes the plaintiff in the district court. As appeals from the justice of the peace court are tried de novo in the district court, a defendant cannot be regarded as plaintiff merely because he is appellant in the district court."
By reason of the foregoing, we are satisfied that the opinion of this court in the Fogarty case above-quoted correctly construed our statutes. When this cause was docketed in the district court after appellant's appeal had been perfected, the case was for trial on the merits alone and the judgment of the justice was vacated. The situation was analogous to that of the defendant securing a favorable ruling on a motion for new trial. It was the duty of the plaintiff to bring the case on for prosecution. Under the aforesaid Rule 4, the district court had the power to dismiss the case at plaintiff's costs. It had nopower to dismiss the appeal at defendant's costs. The entry on the court calendar, "Dismissed under Rule 4", meant that thecause of action was dismissed without prejudice at plaintiff's
costs. This was the only thing which the court had the power to do.
As stated in Burke v. Burke, 142 Iowa 206, 210, 119 N.W. 129,130: "The rendition of a judgment is a judicial act, and the entry upon the record is purely ministerial." The ministerial act of the clerk herein was not only a misinterpretation of the judge's entry on the calendar, but was such an interpretation *Page 631 
as would constitute action which was beyond the jurisdiction of the district court. Appellant's motion to correct the record was well grounded in every respect and should have been sustained in its entirety.
The resistance which appellee filed in the trial court to appellant's motion raised three propositions. The first proposition was that the clerk's entry dismissing appellant's appeal was proper because it was the duty of appellant to prosecute the appeal with reasonable diligence. We have already determined that there is no merit in this proposition.
[4] The second proposition raised by appellee was that any right, which appellant might claim, to have the order and judgment set aside has been waived by delay and negligence. There is no merit in this proposition. This is clearly shown by the statement of this court in the case of Arnd v. Poston, 199 Iowa 931, at page 933, 203 N.W. 260, at page 261, wherein we state, as follows:
"It is fundamental law that courts possess the inherent power to correct the record and enter judgments nunc pro tunc, and the lapse of time is no obstacle to the exercise of such power. Snyder v. Fahey, 183 Iowa 1118; Faller Co. v. Stebbins, 49 Iowa 376; Hofacre v. Monticello, 128 Iowa 239; Puckett v. Gunther,137 Iowa 647; same case. 142 Iowa 35; Dowling v. Webster County,154 Iowa 603; Lambert v. Rice, 143 Iowa 70; Shephard v. Brenton,20 Iowa 41; Day v. Goodwin, 104 Iowa 374; Doughty v. Meek, 105 Iowa 16; Mahaska County v. Bennett, 150 Iowa 216; Locher v. Livingston, 168 Iowa 457; Shelley v. Smith, 50 Iowa 543."
The third proposition was that there is no claim or showing that any fraud, unavoidable casualty or misfortune prevented the defendant from filing his motion promptly. This proposition is likewise without merit. It also is a misconception of the purpose of a motion for nunc pro tunc correction of the record. In the case of State v. Frey, 206 Iowa 981, at page 984, 221 N.W. 445, at page 447, we state as follows:
"The courts have inherent power to make orders nunc pro tunc,
and to modify their records so as to make them speak the truth. Hofacre v. City of Monticello, 128 Iowa 239; Puckett v. Gunther,137 Iowa 647; Puckett v. Gunther, 142 Iowa 35; *Page 632 
Dowling v. Webster County, 154 Iowa 603; Lambert v. Rice,143 Iowa 70; Snyder v. Fahey, 183 Iowa 1118; Fuller Co. v. Stebbins, 49 Iowa 376."
In this case, the motion of appellant was for the purpose of securing an order nunc pro tunc to modify the record made by the clerk so as to make it speak the truth. The truth which appellant is entitled to have spoken is that the calendar entry, "Dismissed under Rule 4", meant that the cause of action was dismissed without prejudice at plaintiff's costs. Appellant asked the court to correctly apply Rule 4 to this case. Appellee made no issue on the question, whether or not Rule 4 should be applied to the case, but merely differed from appellant in regard to the effect to be produced by the application of the rule to the case. The rule must be applied in such a way that the record will speak the truth. Accordingly, the judgment of the district court must be and it is reversed and the cause is remanded with instructions to dismiss the case without prejudice at plaintiff's costs. — Reversed and remanded with instructions.
OLIVER, C.J., and SAGER, HAMILTON, HALE, STIGER, BLISS, and RICHARDS, JJ., concur.