CITY OF DES MOINES, Iowa, Appellee,

v.

Kevin Ray PUTZIER, Appellant.

No. 60951.

Supreme Court of Iowa.

April 19, 1978.

Joseph L. Marks, of Marks, Flagg, Hockett & Marks, Des Moines, for appellant.

Philip T. Riley, City Atty. and Tela L. Weber, Asst. City Atty., for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

HARRIS, Justice.

The question is whether a defendant appealing a magistrate jury conviction to district court under § 762.43, The Code, is entitled to another jury when he stands for "trial anew." Defendant's request for a jury was denied by the trial court. We reverse the trial court and remand for a jury trial.

Kevin Ray Putzier (defendant) was charged with speeding in violation of a Des Moines city ordinance. When the case came on for trial in magistrate court defendant demanded and was granted a jury trial. The jury found defendant guilty of speeding 45 miles per hour in a 35 miles per hour zone. A fine was imposed and, pursuant to § 762.43, The Code, defendant appealed to district court.[1]

Defendant demanded but was denied a jury trial in district court. He was thereafter found guilty by the district court judge, sitting without a jury. On his appeal to this court the sole issue is whether it was error to refuse his jury demand in district court.

I. Section 762.43, The Code, provides for appeals from magistrate court and specifies: " * * * The case shall stand for trial anew in the district court in the same manner as it originally should have been tried. * * *."

Although the parties present two issues in their briefs and arguments it is necessary to consider only the first. We need not reach the question of whether defendant's right to a jury trial on appeal is guaranteed by Art. I, § 9, of the Iowa Constitution. Where a right is given by statute it is unnecessary to consider whether it is also protected by the constitution. *Rudd v. Ray,* 248 N.W.2d 125, 133 (Iowa 1976).

The Iowa provision for jury trials in magistrate court is far from universal. Typically, jury rights are challenged under schemes which provide no juries in magistrate courts but do provide for a jury when demanded on a de novo appeal to district court. 47 Am.Jur.2d, Jury, § 56, pp. 675–676.

Iowa has however provided for juries at magistrate level since earliest times. Our constitution of 1846 provided: "The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in inferior courts." Art. I, § 9, Iowa Constitution of 1846.

---

1. By stipulation a second traffic case in appeal 61299 is joined for submission in this appeal. For convenience we refer to only the first charge. The questions are identical.

The identical language is included as part of our present constitutional provision. Art. I, § 9, Iowa Constitution.

Since prior to 1851 Iowa statutes have provided for a magistrate jury. §§ 2290 through 2303, The Code, 1851. And similarly a statute has long provided for trial anew on appeal to district court. § 2343, The Code, 1851.

We have interpreted our statute governing the trial on appeal to district court in this manner: " * * * The situation [is] analogous to that of the defendant securing a favorable ruling on a motion for new trial. * * *." *Yost v. Gadd,* 227 Iowa 621, 630, 288 N.W. 667, 672 (1939).

More light can be shed on the question by tracing the legislative history of the Unified Trial Court Act. Acts 64th G.A., ch. 1124 (1972). Appeals to district court in civil cases were to be on error only. But in criminal cases the drafters sought to retain a right to a jury trial:

" * * * In criminal cases, promptly but not sooner than ten days after the magistrate files the transcript with the clerk, the appeal shall be tried de novo by a district judge or by a jury if written demand is filed with the clerk by either party before the transcript is filed or within ten days thereafter; and judgment shall be rendered as though the case were being originally tried." § 14 S.F. 428, original draft.

■ Prior to passage, however, the section from which the above quote was taken was stricken. The legislature chose to continue the long-standing scheme of allowing appeals from magistrate court to be tried anew in district court. That is, appeals were to be tried as if there had been no proceedings in magistrate court. *Yost v. Gadd,* supra, 227 Iowa at 627, 288 N.W. at 671.

■ We believe the intent of the legislature has remained unchanged and is clear. A defendant, having been accorded a jury trial in magistrate court, can demand another one on appeal to district court under § 762.43. His trial rights in district court are unaffected by the exercise of any similar rights in magistrate court. This conclusion is supported by our recent opinion in *State v. Uebberheim,* 263 N.W.2d 710 (Iowa 1978).

It was error to deny defendant's jury demand in district court.

REVERSED AND REMANDED.