Warren W. KNAUSS, Appellee,

v.

KEMIN INDUSTRIES, INC., Appellant.

KEMIN INDUSTRIES, INC., Appellant,

v.

FEED FLAVORS, INC. and Warren W. Knauss, Appellees.

No. 2–60136.

Supreme Court of Iowa.

June 28, 1978.

Joel D. Novak and Curt L. Sytsma, of Herrick, Langdon, Belin, Harris, Langdon & Helmick, Des Moines, for appellant.

James R. Swanger, of Rogers, Phillips & Swanger, Des Moines, for appellees.

Considered by MOORE, C. J., and MASON,* RAWLINGS, UHLENHOPP and REYNOLDSON, JJ.

RAWLINGS, Justice.

Plaintiff Warren W. Knauss brought action to recover employment-related commissions from Kemin Industries, Inc. By separate action against Knauss and Feed Flavors, Inc., Kemin sought to enjoin alleged violation of an anti-competition covenant. Kemin appeals from adverse adjudication entered in both actions after consolidated trial to the court. We affirm in part, dismiss in part.

Kemin is an Iowa corporation engaged in manufacturing agricultural and feed chemicals. Knauss was employed in 1969 as vice-president in charge of its international sales division. At Kemin president R. W. Nelson's request, Knauss prepared a jointly executed memorandum of employment terms and conditions. Knauss also signed an agreement not to compete with Kemin for three years after leaving the company.

Pursuant to the memo, Knauss received a monthly salary plus an annual bonus computed on percentages of international and domestic sales in excess of specified amounts. After September 1972, however, when Knauss resigned his position as vice-president and became manager of the hardware division, no bonuses were paid.

Knauss admits having been told at a July 21st meeting he would no longer receive a bonus based on international sales. But there is disagreement as to whether a domestic sales-based bonus was to be paid after Knauss' transfer. Knauss says he was specifically told the domestic sales bonus would continue. Nelson claims he definitely informed Knauss *all* bonuses would terminate with his transfer. Kemin executive Elwood H. Werning, also present at the July 21st meeting, recalled no dialogue either way concerning future bonus payments.

Knauss left Kemin's employment in October 1973. Several months later he accepted a position with Feed Flavors, allegedly one of Kemin's competitors.

Trial court found Kemin failed to establish the employment contract had been modified so as to terminate domestic sales bonuses. It also held Feed Flavors was not a competitor and accordingly denied the requested injunction. Kemin here asserts both conclusions were erroneous.

■ I. First addressed is Kemin's action to enforce the anti-competition covenant. It concedes the three year competition bar has expired since this appeal was initiated. Under these circumstances dismissal for mootness is warranted. *Nitta v. Kuda,* 249 Iowa 853, 89 N.W.2d 149 (1958). Recognizing this, Kemin now essentially seeks a declaratory adjudication that Feed Flavor's operation is included within the covenant. Kemin notes all its employees sign such agreements. However, it does not suggest the issue is " 'capable of repetition, yet evading review.' " See *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 546, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683 (1976).

We will not render an advisory opinion on this issue. The instant appeal as to trial court's denial of Kemin's requested injunction is therefore dismissed.

■ II. Consequently the only question to be resolved is whether trial court erred in concluding Kemin failed to establish its desired modification of the original employment agreement. Because Knauss' action was at law, our review is not de novo; i. e., trial court's findings of fact have the force of a jury verdict and are binding on appeal if supported by substantial evidence. R.App.P. 14(f)(1). In any event, with minor exceptions Kemin does not purport to challenge trial court's factual findings. Rather, it contends erroneous legal rulings were made which materially affected the decision, rulings which of course are not binding on appeal. See *Sandhorst v. Mauk's Transfer, Inc.,* 252 N.W.2d 393, 395 (Iowa 1977).

Trial court essentially found Nelson removed Knauss from his international sales

* Serving after June 14, 1978 by special assignment.

head position and concomitantly offered him the hardware department position. Kemin says trial court implicitly found there was no meeting of the minds as to Knauss' compensation after his transfer. The evidence clearly supports such a finding. On this basis Kemin claims trial court erred in ultimately shifting the burden of proof to the employer.

 Generally, an employee, as plaintiff, must prove a contractual right to compensation allegedly due for services performed. *Schulte v. Ideal Food Prod. Co.,* 203 Iowa 676, 684, 213 N.W. 431, 434 (1927); 53 Am.Jur.2d, Master and Servant, § 96; 56 C.J.S. Master and Servant § 129. In the present case Knauss met this burden by producing the employment memorandum, its authenticity not being contested.

But Kemin argues the provisions thereof expired when Knauss resigned from the international post. It also postulates Knauss' subsequent duties in hardware were not so similar as to create a presumption of continuity in employment terms after expiration of the original contract. See generally Annot., 53 A.L.R.2d 384, 392 (1957).

Noticeably, however, trial court did not find Knauss' job shift terminated the original agreement. In trial court's view, Knauss merely changed positions and did not in any practical sense terminate his relationship with Kemin. Such a factual finding, supported by substantial evidence, is binding on appeal. Under these circumstances, trial court correctly construed the contract as modified rather than cancelled and properly held Kemin failed to prove an oral modification to exclude a domestic sales bonus.

Appeal dismissed as to one action, affirmed as to the other.