STATE of Iowa, Appellant,

v.

Michael Andrew FRANKS, Appellee.

No. 65061.

Supreme Court of Iowa.

Oct. 21, 1981.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and S. J. Petersen, Muscatine County Atty., for appellant.

Francis C. Hoyt, Jr., State Appellate Defender, and Douglas F. Staskal, Asst. State Appellate Defender, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

UHLENHOPP, Justice.

This discretionary review involves the question of whether a defendant, convicted of a simple misdemeanor upon jury trial before a district associate judge, is entitled to a jury trial on appeal to a district judge. *See* Iowa R.Crim.P. 54. The parties do not raise constitutional issues.

On July 27, 1979, an officer charged defendant Michael Andrew Franks with a traffic offense—failure to yield the right of way contrary to section 321.320, The Code 1979. This offense is a simple misdemeanor. *See* § 321.482. Franks pleaded not guilty. A jury found him guilty in a trial before a district associate judge. The judge fined defendant twenty dollars, and defendant gave oral notice of appeal to a district judge, *see* Iowa R.Crim.P. 54, and demanded another jury trial. A district judge granted the demand, relying on *City of Des Moines v. Putzier*, 264 N.W.2d 733 (Iowa 1978). We granted discretionary review of that ruling at the State's request. § 814.4.

I. *Applicability of rule 54.* The State contends that the district judge erred in granting defendant's jury trial demand under *Putzier*. As the State correctly points out, *Putzier* no longer controls the issue of whether a jury trial is available on appeal in a case of this kind. The relevant statute considered in *Putzier* has since been repealed by the legislature and replaced by rule 54. That the adoption of rule 54 effected substantial change is apparent on comparing the repealed statute with the rule. Involved in *Putzier* was section 762.-43, The Code 1977. That section provided in relevant part: "The case shall stand for *trial anew* in the district court in the same manner as it originally should have been tried. The court shall have full power over the case, the judicial magistrate and his record, and shall render original judgment." (Emphasis added.) In *Putzier* we held section 762.43 required the district judge to grant a jury trial demand when made by a defendant on appeal from a simple misdemeanor conviction. 264 N.W.2d at 735.

Section 762.43 was repealed, however, prior to this appeal to a district judge, and was replaced by rule 54. At the time of this appeal to a district judge, rule 54 stated in relevant part:

A district judge *shall* promptly hear the appeal *upon the record* thus filed *without further evidence* if the original action was tried by a district judge, district associate judge, or [full-time] magistrate appointed under section 602.51 or 602.59 of the Code *unless* the district court judge hearing the appeal either upon application of any party or on the district judge's own motion orders the appeal tried anew *on the grounds the record is inadequate.* If the original action was tried by a [part-time] magistrate appointed under section 602.50 or 602.53 of the Code, the district judge shall promptly try the case anew.

(Emphasis added.) Rule 54 thus required the district judge to determine this appeal

upon the record already made without additional evidence unless the judge found the record inadequate for that purpose. The appellate procedure in rule 54 represented a substantial departure from the "trial anew" rule of section 762.43 in a case of the present kind. The district judge therefore erred in failing to apply rule 54 in this appeal of a conviction before a district associate judge.

■ II. *Issue of prejudice.* Franks acknowledges the error but contends the discretionary review granted the State must fail for lack of prejudice. He argues that the decision of whether to grant a jury trial is committed to the district judge's discretion and therefore the State must show harm. The issue, however, is not whether a district judge abused his discretion in granting a jury trial on appeal, but whether this district judge erred in failing to apply rule 54 in resolving the demand for a jury trial. The applicability of a rule of law to a set of facts is a question of law, and as such is not left to the discretion of the court. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 350 (Mo.App.1980); *Kania v. Airborne Freight Corp.,* 99 Wis.2d 746, 758–59, 300 N.W.2d 63, 68 (1981); *cf. State v. Hellwege,* 294 N.W.2d 689, 691 (Iowa 1980); *Hamilton v. City of Urbandale,* 291 N.W.2d 15, 19 (Iowa 1980) (statutory interpretation is a question of law). This court does not defer to the district court's determinations of law. *Knauss v. Kemin Industries, Inc.,* 267 N.W.2d 56, 57 (Iowa 1978); *Packwood Elevator Co. v. Heisdorffer,* 260 N.W.2d 543, 544 (Iowa 1977); *Westhoff v. American Inter-insurance Exchange,* 250 N.W.2d 404, 408 (Iowa 1977). The sole concern in such situations is whether the district court committed an error of law. *See State v. Lindsey,* 302 N.W.2d 98, 101–02 (Iowa 1981). Our conclusion that the district judge committed error in failing to apply rule 54 thus requires reversal.

III. *Construction of rule 54.* After the appeal to the district judge, the General Assembly changed rule 54, but not in a manner which affects this case. The Assembly changed full-time magistrates to district associate judges. 1980 Sess., 68 G.A., ch. 1022. Accordingly, it changed the wording of rule 54 so that the provision for appeal on the record applies in appeals to a district judge from the judgment of a district judge or district associate judge; appeals de novo remain in appeals from part-time magistrates (called judicial magistrates). 1980 Sess., 68 G.A., ch. 1022, § 22.

Under rule 54, the appellate district judge has *limited* discretion when the appeal is from the judgment of a district judge or district associate judge (and formerly, also of a full-time magistrate). The appellate judge must decide the case on the existing record, *unless* he finds that the record furnishes insufficient basis for decision. In that event the appeal stands for trial anew, with a jury if demanded. An appeal from a judgment of a judicial magistrate (part-time magistrate) likewise stands for trial anew, with the same right to a jury on demand.

When the adequacy of the record is raised by the district judge or by either party, the judge must determine whether the existing record is adequate to decide the appeal. In the event the adequacy issue is not raised, or once the issue is raised and the district judge finds the record to be adequate, the judge decides the appeal on the record without further evidence. Only if the issue is raised and the district judge makes a determination of inadequacy does the judge have authority to order trial anew.

Moreover, the parties must originally try their case fully; they may not do so piecemeal and have another trial before the district judge simply because they desire to add evidence. The question before the district judge is not whether the parties desire to add evidence; it is whether the record itself, as originally made, is adequate or inadequate to permit the district judge to decide the appeal.

IV. *Disposition.* In the present case, a district associate judge presided over Franks' original trial. That trial was recorded but the district judge did not determine whether the record was adequate to permit decision of the appeal. If that issue

is raised on remand, a district judge must determine the adequacy of the record and then rule accordingly on the request for trial anew with a jury. If the district judge finds the record adequate to permit decision of the appeal, the appeal is to be decided on the record as made before the district associate judge. But if the district judge finds the record is inadequate to permit decision of the appeal, then the case is to be tried again with a jury.

We return the case to district court for further proceedings.

REVERSED AND REMANDED.