Ardery v. The Chicago, Burlington & Quincy R'y Co.

1. **Venue:** APPEAL FROM JUSTICE OF PEACE: CHANGE FROM CIRCUIT COURT: TO WHAT COURT TAKEN. A change of venue from the county is not allowed in cases appealed from justices' courts to the circuit court. (Code, § 2590, sub-div. 5, as amended by chapter 118, Laws of 1878.) Hence, in this case, where a motion for a change was made by defendant on account of the alleged prejudice of the circuit judge, and the application also alleged like prejudice on the part of the district judge of the county, and the circuit court gave defendant its election to take a change to the district court of the county, which was refused, *held* that the motion was properly overruled. [But see *Schuchart v. Lammey*, 62 Iowa, 197, where it is held that the district court has no jurisdiction, even upon a change of venue, of a civil cause appealed from a justice of the peace.—REPORTER.]

2. **Supreme Court:** JURISDICTION: APPEAL ON CERTIFICATE OF TRIAL JUDGE. Where the amount in controversy does not exceed $100, this court has no jurisdiction to determine any question not certified by the trial judge.

3. ———: ———: AMOUNT IN CONTROVERSY: HOW DETERMINED: COSTS. It is the amount in controversy, *as shown by the pleadings*, which determines the jurisdiction of this court; and where a cause comes from the circuit court which has been appealed from a justice's court, the costs made before the justice do not enter into the amount in controversy in determining the question of jurisdiction.

*Appeal from Marion Circuit Court.*

TUESDAY, APRIL 21.

THIS is an action to recover a judgment against defendant for the alleged careless and negligent killing of a horse at a highway crossing by one of defendant's trains. There was a trial by jury; verdict and judgment for plaintiff. Defendant appeals.

*Ayres Bros.*, for appellant.

*Hayes Bros.*, for appellee.

ROTHROCK, J.—I. The action was originally commenced before a justice of the peace, where a trial was had and judgment was rendered for the plaintiff, from which the defendant appealed to the circuit court. At the November term, 1883, the cause was tried to a jury in the circuit court, and a verdict was returned for the plaintiff, which was set aside on application of defendant. In March, 1884, the defendant made an application to change the place of trial of the cause from said circuit court on the ground of the prejudice of the judge thereof. Said application also set forth that the judge of the district court of Marion county was so prejudiced against the defendant that defendant could not obtain a fair trial before him. The defendant was given its election to take a change of venue to the district court of Marion county, which was refused, and thereupon the motion was overruled. The circuit court, being of the opinion that the amount in controversy, as shown by the pleadings, did not exceed $100, made the following certificate: "At defendant's request, the court made the following certificate: It is desirable to have the opinion of the supreme court of Iowa on this question of law, to-wit: In case of an appeal from a justice of the peace, and due application and affidavits showing the prejudice of

*Margin note:* 1. VENUE: appeal from justice of peace: change from circuit court: to what court taken.

both the circuit and district judges of the county, can a change of the place of trial be had to another county; that is, to another district?"

Section 2590 of the Code, as amended by chapter 118 of the Laws of 1878, provides that "a change of the place of trial in any civil action may be had in any of the following cases: (1) When the county in which the action is pending is a party thereto, if the motion is made by the party adversely interested, and the issue triable by jury. (2) When the judge is a party, or is directly interested in the action, or is connected by blood or affinity with any person so interested nearer than the fourth degree. (3) Where either party files an affidavit, verified by himself and three disinterested persons not related to the party making the motion nearer than the fourth degree, nor standing in the relation of servant, agent, or employe of such party, stating that the inhabitants of the county, or the judge, is so prejudiced against him that he cannot obtain a fair trial. (4) By the written agreement of the parties and their attorneys. (5) If the issue is one triable by jury, and it is made apparent to the court or judge that a jury cannot be obtained in the county where the action is pending;—then, upon the application of either party, a change of place of trial shall be granted to the nearest county in which a jury can be obtained; provided, however, that not more than two changes to either party of the place of trial shall be allowed for any of the causes enumerated in this action; nor shall a change of venue from the county be allowed in case of appeal from a justice of the peace.   *   * ."

This provision of the law appears to us to be too plain for discussion, so far as the question now under consideration is involved. The language is plain, certain and unambiguous: " nor shall a change of venue from the *county* be allowed in case of appeal from a justice of the peace." It is useless to consider what was intended by the law-making power in enacting this statute, aside from the statute itself. It is a law fixing the rights of parties as to the change of the *place*

of trial, and we must hold that the legislature intended just what the language used plainly imports. We think that a discussion of the question would be merely " darkening counsel by words, without knowledge." The circuit court correctly held that no change from the county was authorized by law.

II. The amount claimed by the plaintiff before the justice of the peace was $100 damages, and costs. No interest was claimed nor demanded. There is no certificate of the trial judge authorizing an appeal, excepting that above referred to. The plaintiff makes the question that the amount in controversy, as shown by the pleadings, does not exceed $100, and that this court has no jurisdiction of any question excepting that certified by the trial court. The position appears to us to be well taken. The precise question was so determined by this court in *Hays v. Chicago, B. & Q. R'y Co.*, 64 Iowa, 593.

*2.—SUPREME court: jurisdiction: appeal on certificate of trial judge.*

Counsel for appellant urge that the costs which accrued before the justice of the peace should be taken into account in determining the amount in controversy. The statute provides that the amount in controversy, " as shown by the pleadings," determines the right to appeal. The costs are merely incidental to the action, are not shown by the pleadings, and cannot be considered as any part of the amount in controversy. See *Hakes v. Dott*, 54 Iowa, 17; *Spiesberger Bros. v. Thomas*, 59 Id., 606; and *Curran v. Excelsior Coal Co.*, 63 Id., 94.

*3. —:——: amount in controversy: how determined: costs.*

This court having no jurisdiction of any question in the case excepting that determined above, the judgment of the circuit court is

AFFIRMED.