## EDWARDS v. COSGRO ET AL. · (Two Cases.)

1. **Appeal.** AMOUNT IN CONTROVERSY: TWO CASES UNITED.   A garnishee
   under two executions, issued upon judgments rendered by the same justice
   of the peace, paid to the officer enough of money to satisfy both judgments,
   each of which was less than $100, but which together exceeded that sum.
   The justice, upon receiving the money, applied it upon the judgments, and
   entered an order discharging the garnishee.   While the money was yet
   in the justice's hands, an intervenor appeared and claimed the whole
   of the money.   His petition was entitled in but one of the cases, but it
   was agreed by the parties that it should be applicable to both of them.
   The justice sustained a motion to strike the petition from the files.
   Upon a writ of error the circuit court affirmed the ruling of the justice,
   and the intervenor appeals to this court.   *Held* that the action by the
   intervenor was but a single proceeding, involving more than $100, and
   that a certificate of the trial judge was not necessary to give this court
   jurisdiction of the appeal.

2. **Justice's Court:** JURISDICTION: QUESTION NOT RAISED: APPEAL.
   Where a cause before a justice of the peace involved more than $100,
   but the question of jurisdiction was not raised, it could not be raised upon
   writ of error in the circuit court, nor upon an appeal from the judgment
   of the circuit court to this court.

3. **Garnishment:** on execution: intervention: when permitted. So long as money paid into court by a garnishee on execution has not been paid over to the execution plaintiff, a third party claiming the money may intervene in the action for the purpose of asserting his claim to the money. (Code, §§ 3016, 3051.) So *held* where the garnishee had paid over the money and had been discharged, without answering, and without notice to the execution defendant, and where the money had been applied in satisfaction of the judgments on which the executions had been issued, but had not yet been paid over to the judgment creditors.

*Appeal from Louisa Circuit Court.*

Friday, March 11.

The plaintiffs each recovered a judgment in justice's court against the defendant Cosgro. Executions were issued on these judgments, on which one John Huff was garnished as a supposed debtor of the defendant. The garnishee paid over to the officer who held the executions an amount of money sufficient to satisfy both judgments. The officer thereupon returned the writs, and certified in his return that he had garnished Huff thereon, and that he had received the money from him. He also paid the money so collected to the justice, who made a record of the payment on his docket, and entered an order in each case discharging the garnishee. The garnishee, however, had not answered, nor was any cause docketed against him, nor had notice of the garnishment been served on the defendant Cosgro. While the money remained in the hands of the justice, Tatlock filed a petition of intervention, in which he claimed that the money belonged to him, and prayed that he be adjudged to be the owner thereof. This petition was entitled in the cause of Salina Edwards, but by the written agreement of the parties it was made to apply to both cases. The plaintiff filed a motion to strike this petition from the files, which was sustained by the justice. Thereupon the intervenor removed the cause into the circuit court by writ of error, and that court, upon a final hearing, affirmed the order of the justice. Intervenor appeals.

*E. W. Tatlock*, for appellant.

*R. Caldwell*, *C. A. Carpenter* and *Arthur Springer*, for appellee.

REED, J.—I.   The point was made by counsel for appellee that this court did not have jurisdiction of the cause, for the reason that the amount in controversy is less than $100, and there was no certificate of the trial judge that the case involved a question of law on which the opinion of this court was desired.   Neither of the judgments against Cosgro amounted to $100, but the two aggregated more than that amount, and the amount of money paid by the garnishee was $105.   The intervenor claimed the whole of the money.   His petition was entitled in but one of the actions, but, as stated above, the parties agreed that it might be made applicable to both.   It was therefore a single proceeding, which involved a claim to the whole amount of money paid by the garnishee.

*1. APPEAL: amount in controversy: two cases united.*

II.   It is next insisted that, if the amount in controversy exceeds $100, the justice did not have jurisdiction to determine the claim made by the intervenor.   But no question as to his jurisdiction was raised by the motion on which he disposed of intervenor's petition, and neither he nor the circuit court could have passed upon any such a question.   The cause was removed into the circuit court for the purpose of having the ruling of the justice, in dismissing the intervenor's petition, reviewed, and that court could pass on such questions only as were raised by the motion; and the appeal to this court brings up for review only such questions as arose in the circuit court, and were there passed upon.   We cannot, therefore, on this appeal, consider the question whether the justice had jurisdiction to determine the claim alleged by the intervenor in his petition.

*2. JUSTICE'S court: jurisdiction: question not raised: appeal.*

III.   The grounds of the motion to strike intervenor's peti-

tion from the files were that, at the time the petition was filed, there was no action pending in which the party could intervene, the judgments against the defendant having been rendered long prior to that, and the garnishee having been discharged; also that the money had already been applied in satisfaction of the judgments, and could not be recovered by the intervenor; also that, as the garnishee had not answered, but had paid over the money without being required to do so by any order of the court, the payment should be regarded as having been made on the request of the defendant. The important question is whether Tatlock was entitled to intervene for the purpose of claiming the money when the proceedings had reached the stage at which they were when he filed his petition.

*3. GARNISHMENT: on execution: intervention: when permitted.*

Section 2683 of the Code provides "that any person who has an interest in the matter in litigation   *  *  * may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant.   *  *  *" It is very clear that this provision empowers a person to become a party by intervention, to an action or controversy between others, only during the pendency of the action. Under it he cannot come into the case after judgment or final order. Section 3016, however, empowers any person other than the defendant to intervene at any time before the sale of attached property, or before the proceeds thereof, or any attached debt, is paid over to the plaintiff in the action, and make a claim to the property or money. This section, by its terms, applies especially to cases where the property or money has been seized by attachment, or garnishment under attachment proceedings. But section 3051 provides that garnishments on execution shall be effected in the manner prescribed in the sections governing garnishment on attachment, and that in

every particular the proceedings shall be the same as under garnishment or attachment. The effect of this section is to give third parties who claim the property or money seized on execution, or by garnishment on execution, the right to intervene, and assert their claim at the time and in the manner prescribed by section 3016, and their rights in the premises may be determined in the manner prescribed in that and other sections in the same chapter. As, therefore, the money in question had not been paid over to the plaintiffs when intervenor filed his petition, he had the right to intervene for the purpose of asserting his claim to it.

The fact that the justice had credited the amounts on the judgments in no manner affected his right; for, under the express provision, he had the right to assert his claim in that manner at any time before the money was paid over to plaintiff.

The claim that the payment by the garnishee should be regarded as having been made at the request of the defendant finds no support in the record. It appears clearly enough, from the record, that he paid over the money for the purpose of effecting his discharge as garnishee. The justice evidently regarded it in that light, for he entered an order discharging him, which was entirely unnecessary if the payment had been made in any other capacity than that of garnishee.

We think the circuit court erred in affirming the order of the justice striking the petition of intervenor from the files.

REVERSED.