William Brush et al., Appellees, v. Incorporated Town of Liscomb, Appellant.

APPEAL AND ERROR: When Appeal Lies—Several Assessments Aggregating Over $100. When separate assessments on separate lots are each less than $100, but in the aggregate over $100, an appeal lies from an adverse judgment in the district court when the controversy over the several assessments has been treated throughout as one proceeding. (Sec. 12833, Code of 1924.)

MUNICIPAL CORPORATIONS: Public Improvements—Necessity—Review. Courts may not, in the absence of a plea of fraud or oppression, review the municipal determination that an improvement is necessary.

MUNICIPAL CORPORATIONS: Public Improvements—Ordinance—Failure to Include Statute. An ordinance which provides for an authorized public improvement and for the assessment of the cost thereof on specified property is not invalid because it does not embrace or repeat therein the *statutory* limitations on such assessment.

Headnote 1: 3 C. J. p. 407 (Anno.)   Headnote 2: 28 Cyc. p. 1016. Headnote 3: 28 Cyc. p. 1007.

*Appeal from Marshall District Court.*—B. F. Cummings, Judge.

January 11, 1927.

On appeal to the district court by the property owner, special assessments levied by the town council to pay the cost of constructing permanent sidewalks in front of certain lots were canceled. The town appeals.—*Reversed and remanded.*

*E. N. Farber,* for appellant.

*C. H. Van Law,* for appellees.

VERMILION, J.—Four contiguous lots belonging to appellee Nancy E. Brush were separately assessed by the council of the appellant incorporated town with the cost of constructing a permanent sidewalk in the street in front of the lots. The appellees here appealed, by the service of one notice of appeal referring to all of the lots and all of the assessments, to the district court. The matter was there tried and submitted as one case, and a decree entered setting aside all of the assessments. The assessment against each lot was less than $100, and the aggregate of all the assessments exceeded that amount.

I. It is contended that, since the assessment on each lot was less than $100, there is no right of appeal to this court, under Section 4110, Code of 1897 (Section 12833, Code of 1924).

The proceeding in which the appeal to this court was taken was a single proceeding in the district court, made so by the single appeal of the appellees from the action of the town council in making the several assessments. The amount

1. APPEAL AND ERROR: when appeal lies: several assessments aggregating over $100.

involved in that proceeding was the aggregate of the assessments; it exceeded $100; and the appeal will lie. *Brock v. Barr,* 70 Iowa 399; *Edwards v. Cosgro,* 71 Iowa 296; *Tuthill Spring Co. v. Smith,* 90 Iowa 331; *Comstock v. City of Eagle Grove,* 133 Iowa 589.

II. The court below found that there was no necessity for the construction of the sidewalk, and that no special benefits accrued to the several lots from its construction, and on these grounds canceled the assessments.

By Section 779, Code Supplement, 1913, the power is expressly conferred upon cities and towns to provide for the construction of permanent sidewalks upon any street, and to assess the cost thereof on the lots in front of which

2. MUNICIPAL CORPORATIONS: public improvements: necessity: review.

the walk shall be constructed. Where a city or town is vested with the power to make improvements such as this, the necessity for making a given improvement is a matter for the exclusive determination of the council; and when it acts within the authority given it, and its determination is made without fraud or oppression, it cannot be interfered with by the courts. *Dewey v. City of Des Moines,* 101 Iowa 416; *Denny v. Des Moines County,* 143 Iowa

466; *Central L. A. Soc. v. City of Des Moines,* 185 Iowa 573; *Bennett v. City of Marion,* 106 Iowa 628; *Kemp v. City of Des Moines,* 125 Iowa 640. There is no-claim of fraud or oppression, unless the latter may be implied from the alleged lack of a public necessity for the improvement. In any event, such a charge is not sustained by the evidence.

III. All of the witnesses who testified on the subject said that some benefit accrued to the property from the construction of the sidewalk. If we pass the question whether appellees could be heard to say in this proceeding that the property received no special benefit from the improvement, the evidence does not support such a claim.

IV. It is urged by appellees that the ordinance of the town, under which the sidewalk was ordered and constructed, and the cost assessed against the property, did not provide that the as-

3. MUNICIPAL COR-
PORATIONS: pub-
lic improve-
ments: ordi-
nance: failure
to include
statute.

sessment must be in proportion to the special benefits conferred upon the property by the improvement, and not in excess thereof or of 25 per cent of the value of the lot, as was provided by Section 792-a, Code Supplement, 1913, the statute in force at the time (Section 6021, Code of 1924), and that, therefore, both the ordinance and the assessments made under it are void.

As we have seen, Section 779 expressly conferred on the town the power to provide for the construction of permanent sidewalks and for the assessment of the cost upon the property in front of which they were constructed. It might be conceded, as contended by appellees, that an ordinance was essential to the exercise by the town of the power so conferred. *Gallaher v. City of Jefferson,* 125 Iowa 324. (Compare *Martin v. City of Oskaloosa,* 126 Iowa 680, and *Hardwick v. City of Independence,* 136 Iowa 481). And it is doubtless true that, where the town has availed itself of the provisions of the statute authorizing it to construct such walks and so assess the cost, and has fixed by ordinance the mode of procedure, it is limited to the mode prescribed in the ordinance. *Zelie v. City of Webster City,* 94 Iowa 393; *Burget v. Incorporated Town of Greenfield,* 120 Iowa 432. But the question here is whether the ordinance providing for the construction of the improvement and the assessing of the cost to the property in front of which it was constructed, which ordi-

nance conformed in terms to the statute conferring the authority, must also contain or repeat a general statutory provision limiting the power of the council in respect to the amount to be so assessed.

The ordinance merely provides for the assessment of the cost of the improvement to the property, and is in accordance with the statute conferring the power. Section 792-a was an express limitation on the power of the council in the levying of any special assessments for any public improvement. The ordinance is no more in conflict with the latter section than is the statute conferring the power. The latter confers the power, subject to the general statutory limitation; the ordinance exercises the power, subject to the same limitation.

In *Martin v. City of Oskaloosa,* supra, we said:

"It certainly cannot be true that, where the entire procedure is regulated by statute, and nothing is left to be determined by general ordinance, the city can derive any greater authority from an ordinance which simply re-enacts the provisions of the statute."

The limitation imposed by Section 792-a was a general statutory provision applicable to all special assessments for public improvements. No ordinance was required for its enforcement, and no ordinance could defeat its operation. The re-enactment in the ordinance of the provisions of the section would have placed no limitation on the power of the council that was not already imposed by the statute, nor did the failure to so re-enact it relieve the council of the statutory limitation so imposed. The general statutory limitation could acquire no greater scope or force by being incorporated in the ordinance, and the council could not escape the limitation by failing to incorporate it. The ordinance was not on this account invalid.

V. There is no claim that the amount of the several assessments as levied by the council exceeded 25 per cent of the value of the respective lots upon which they were laid. It is claimed that they exceeded the special benefits conferred by the improvement. Without reviewing the evidence in detail, we are content to say that it was insufficient to warrant any reduction of the amounts levied by the council.

The decree is reversed, with direction to reinstate the assess-

ments so made.—*Reversed and remanded.*

EVANS, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.