GEORGIA ASSOCIATION OF INDE-
PENDENT INSURANCE AGENTS,
INC., Robert C. Bock, Sr. and Barbara
S. Bock, on behalf of themselves and
all others similarly situated

v.

The TRAVELERS INDEMNITY
COMPANY.

Civ. A. No. 12948.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 22, 1970.

———◆———

Heyman & Sizemore (W. Dan Greer),
Atlanta, Ga., for plaintiffs.

Gambrell, Russell, Moye & Killorin,
Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This is a civil action for damages which plaintiffs seek to bring on behalf of themselves and a class consisting of all holders of automobile insurance policies issued by Defendant Travelers Indemnity Company to persons who have not entered into a payroll deduction program for payment of the premiums thereof. Jurisdiction is alleged under 28 U.S.C. § 1332.

The complaint alleges that in 1969 Standard National Insurance Company (a Georgia corporation) began mass merchandising automobile insurance coverage to several thousand employees of Lockheed Aerospace Corporation, Marietta, Georgia, and Grumman Aerospace Corporation, Savannah, Georgia, at an annual premium of approximately $20.86 less than that charged to individuals who do not participate in a payroll deduction program. The complaint further alleges that Standard National Insurance Company is a wholly-owned corporate subsidiary of Defendant Travelers Indemnity Company, that diversity of citizenship is present because all plaintiffs are citizens of Georgia and the alleged parent company—the only defendant in this suit—is a citizen of Connecticut, and that the jurisdictional amount is present because the treble damages sued for (based on actual damages of $20.86 per policyholder) plus attorneys' fees exceeds $10,000. Plaintiffs contend that Standard National's and/or Travelers Indemnity's individual rates are unfairly discriminatory in violation of Georgia Insurance Code §§ 56–607 and 56–713(4) (a).

Defendant has moved to dismiss on the ground, *inter alia,* that the jurisdictional amount required by the diversity statute is not present. The case is now before the court for consideration of defendant's motions for production of documents and to compel answers to questions in order to complete the extensive discovery which has been undertaken on the jurisdictional question. The court finds, however, that additional discovery is unnecessary, for the record in its present state reveals beyond the shadow of a doubt that diversity jurisdiction is not present and the complaint must be dismissed.

The record shows that the Board of Directors of Plaintiff Georgia Association of Independent Insurance Agents determined in early July 1969 that it would bring suit against Travelers Indemnity Company because of the allegedly unlawful disparity between its rates and those of Standard National Insurance Company. Defendant contends— and Plaintiff Association now concedes —that Standard National is not a subsidiary of Travelers Indemnity but that, rather, Standard National is a wholly-owned subsidiary of a wholly-owned subsidiary of The Travelers Corporation and that Travelers Indemnity is itself a wholly-owned subsidiary of The Travelers Corporation. On July 29, 1969, when the instant suit was filed, Plaintiff Association alleged that several members of the class plaintiffs seek to represent had assigned to the Association their respective rights of action for damages and it was on the basis of those assignments that the Association brought suit. The individual plaintiffs are Robert C. Bock, an employee of the Association, and Barbara S. Bock, his wife, who allegedly are holders of a policy issued by Travelers Indemnity.

It is not clear at the present time on what ground plaintiffs seek relief against Travelers Indemnity for wrongs allegedly committed by Standard National, nor is it clear that the Association has any standing whatever to maintain this suit since the record strongly suggests that the policyholders of Travelers Indemnity who assigned their rights of action to the Association did so after suit was brought rather than before. However, assuming for purposes of this order that the assign-

ments were valid [1] and that the attorneys' fees provided for in Ga. Code Ann. § 56–539 may be included in determining the amount in controversy, it is quite clear that no single claim of these plaintiffs, or of any member of the class they seek to represent, can conceivably amount to more than $10,000 as is required for jurisdiction to exist under 28 U.S.C. § 1332. The complaint alleges that "Plaintiffs have incurred for the bringing and prosecution of this action attorneys' fees in excess of Ten Thousand Dollars." Although there is evidence to show that the Association's assignors did not incur any attorneys' fees prior to the assignments—and indeed were not even aware of the allegedly discriminatory premium rates until the assignment of their rights was solicited by the Association—it appears that the Association itself has issued two checks for attorneys' fees totaling $10,000, viz., one dated July 2, 1969 (long before the Association became assignee of the claims) and one dated July 28, 1969. The Association apparently takes the position that by virtue of the assignments it now holds as assignee it is a single claimant and that the entire amount of its attorneys' fees may be added to the value of the rights represented by the three assignments in order to bring the Association's claim up to the required jurisdictional amount. Such a view is clearly erroneous.

■■■ It is well settled, of course, that "when two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount." Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 40, 32 S.Ct. 9, 56 L.Ed. 81 (1911), quoted with approval in Snyder v. Harris, 394 U.S. 332, 336, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). This is true of class actions as well as of claims joined under the joinder provisions of Rule 20. Snyder v. Harris, supra at 337, 89 S.Ct. 1053. Can it seriously be contended that the restrictions of the aggregation doctrine can be avoided merely by having several small claims assigned to a single assignee? This court believes not. As the Supreme Court pointed out in Snyder, aggregation of claims made by two or more plaintiffs is permitted only when those plaintiffs have united "to enforce a single title or right in which they have a common and undivided interest," while aggregation of multiple claims held by a single plaintiff is permitted only when that plaintiff is asserting two or more of his own claims against a single defendant. Snyder v. Harris, supra at 335, 89 S.Ct. 1053. In the instant case the Association does not make any claim in its own right and the three individual claims it holds as assignee must each be considered separately for jurisdictional amount purposes. Furthermore, under the Georgia laws here applicable each policyholder has, at most, a claim for treble damages plus attorneys' fees; the right which each assignor assigned to the Association was the right to sue for those two amounts and neither amount may be aggregated with other claims for

1. In addition to the question as to when the assignments were made, there is a serious question as to whether the assignments were collusively made in an attempt to create diversity jurisdiction. Plaintiffs contend that the statute which prohibits collusive assignments, 28 U.S.C. § 1359, applies only if the assignment is made to create diversity of *citizenship*, but the very cases relied upon for that contention suggest that it is diversity *jurisdiction* which may not be so created. Since diversity jurisdiction requires both diversity of citizenship and the jurisdictional amount in controversy, it appears that the statute forbids collusive assignment to create either diverse citizenship or jurisdictional amount. Furthermore, the aggregation doctrine precludes aggregation of claims for jurisdictional amount purposes, and any attempt to manufacture the required jurisdictional amount by assigning numerous small claims to a single assignee is doomed to failure completely apart from the collusive assignment statute. This probably explains why no cases dealing with manufacture of diversity jurisdiction in that context have been found.

jurisdictional amount purposes. The recoverable attorneys' fees which the complaint alleges to be in excess of $10,-000 relate to the four claims asserted therein (three held by the Association and one held jointly by the named individual policyholders) and must be apportioned amond those claims.

■ The complaint does not allege that the attorneys' fees as to each individual claim will exceed $10,000, and federal jurisdiction could not be predicated upon such a flimsy claim even if it had been made. In support of their allegation that plaintiffs will incur attorneys' fees in excess of $10,000 in the prosecution of this lawsuit plaintiffs suggest that Ga. Code Ann. § 56–539 might be read to allow recovery of all attorneys' fees whether reasonable or not. We reject that suggestion as too insubstantial to confer upon this court jurisdiction over a suit in which the *treble* damages amount to less than $65.00.

Accordingly, the motion to dismiss for lack of jurisdiction over the subject matter is granted.

It is so ordered.