**BRIDAL PUBLICATIONS, INC.,**
**Appellant,**

v.

**Norman E. RICHARDSON and Thirteen Other Defendants, the Case Numbers of Which Are Set Out Herein, Appellees.**

**No. 56090.**

Supreme Court of Iowa.

May 21, 1975.

Coppola & Trout, Des Moines, for appellant.

George E. Flagg, Ralph L. Powers, Des Moines, for appellees.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

MASON, Justice.

This is a law action tried to the court in which plaintiff attempts to appeal from an adverse judgment denying it recovery of amounts claimed to be due from defendants under advertising contracts. Defendants seek to cross-appeal from dismissal of their counterclaims.

Plaintiff, Bridal Publications, Inc., a Nebraska corporation, publishes an advertising booklet entitled "Wedding Bells" which contains various advertisements for businesses selling wedding products. In addition to benefiting merchants who advertise in the book, it was also a guide for the "prospective bride" in helping her to plan her wedding and early marriage years.

In the latter part of January 1971 defendants whose businesses in some way cater to the wedding market each entered into contracts with plaintiff. The idea was to get "Wedding Bells" into the hands of as many brides-to-be as possible. For this purpose it was provided each subscriber would receive a display unit which contained a copy of the book as well as application cards which prospective brides would fill out and mail to plaintiff. Additional units were placed on the campuses at Drake and Iowa State Universities and Grandview College.

Each month defendants were to receive lists of all persons who filled out these cards. The cards had a code number which signified the Des Moines area, and the contract provided the lists were of "prospective brides within the market area of the publication." It was apparently suggested the businesses contact the listed women in order to sell their products.

It was additionally agreed there would be "evening" advertising over local radio mentioning the businesses involved in the "Wedding Bells" plan. Plaintiff promised

to sell advertising to only one business in each field, i. e. florists, bakeries.

In return for these services, each business subscriber agreed to pay $125 per month, or $1500 yearly. Unless a defendant went out of business, the contract could be terminated only by notice at least sixty days before the end of each year.

Unfortunately, the "Wedding Bells" strategy caused no cash registers to ring in any of defendants' businesses. Consequently, defendants rescinded their contracts in late May 1971.

Plaintiff filed separate actions against fourteen defendants asking money judgments for nonpayment of varying amounts due under contracts entered into between Bridal Publications, Inc. and each of the separate defendants for advertising services. The contract in the case of each separate defendant was identical except as to the category of advertising into which the separate defendant's type of business was categorized.

Thirteen of the fourteen defendants came to be represented by the same counsel and filed identical answers alleging an affirmative defense of fraud in obtaining the signature of each defendant to each contract and a separate alternative affirmative defense alleging failure of consideration in each contract in that Bridal Publications, Inc. failed to contract for certain radio advertising and to submit lists of prospective brides as required; there was an implied warranty the advertising was suited to the defendant's business and would produce substantial amounts of new business. Certain defendants who had made payments as required by their contract also filed counterclaims for the return of moneys paid and asked for rescission of the contracts. The fourteenth defendant, Martin J. Pidgeon, Inc., d/b/a Marty's Furniture & Appliance Co., filed a separate answer alleging an affirmative defense of fraud in obtaining its signature to the contract, but since trial has entered a settlement agreement and is no longer a party to this appeal.

Plaintiff filed a reply in each case, denying all material allegations of the counterclaim including damages based on payments made.

The amount claimed by plaintiff, including interest, in each individual case involves less than $1000. This is also true of the amounts claimed by each individual defendant by way of counterclaim. The record before us discloses in eight cases the aggregation of claim and counterclaim totals $1000 exactly or exceeds this amount by a few dollars.

Upon defendants' motion the court ordered that the cases be consolidated for trial. Under this order a judgment in each case was to be entered separately and the costs taxed separately against the parties.

The court dismissed each of the petitions and each of the counterclaims filed on behalf of some defendants.

I. The first question for determination is whether this appeal is reviewable in view of rule 333, Rules of Civil Procedure, which requires a minimum jurisdictional amount of $1000.

This rule provides:

"Amount in controversy. Except where the action involves an interest in real estate, no appeal shall be taken in any case where the amount in controversy, as shown by the pleadings, is less than one thousand dollars, unless the trial judge, within thirty days after the judgment or order is entered, certifies that the cause is one in which appeal should be allowed. The right of appeal is not affected by any remission of any part of the verdict or judgment."

No certificate allowing appeal appears of record. Counsel for both sides in argument conceded this certificate had not been obtained although neither filed a motion to dismiss the other's appeal.

"The rule and its predecessor statute are of long standing, although the amount has been increased from time to time. Since July 1, 1969, it has been $1000.00. Compli-

ance with the rule is jurisdictional and, if the amount in controversy is less than it prescribes, the appeal must be dismissed. * * * [citing authority].

" * * *

"The real test, as we have said several times, is this: could the trial court enter judgment against any party for more than the jurisdictional minimum? If not, the appeal must fail. * * * [citing authorities]." Benttine v. Jenkins Truck Lines, Inc., 182 N.W.2d 374, 376 (Iowa 1970).

As concerns this court's jurisdiction to entertain an appeal "the amount in controversy" as shown by the pleadings is determinative. Geagley v. City of Bedford, 235 Iowa 555, 563–564, 16 N.W.2d 252, 257; Wilson v. Kelso, 250 Iowa 67, 68–69, 92 N.W.2d 392, 393; Liberty Loan Corporation of Dubuque v. Fassbinder, 176 N.W.2d 158, 159 (Iowa 1970). Costs are not to be considered since they are merely incidental to the action, are not shown by the pleadings, and cannot be considered as any part of the amount in controversy for the purpose of determining jurisdictional amount. Ardery v. Chicago, Burlington & Quincy R'y Co., 65 Iowa 723, 726, 23 N.W. 141, 142; Liberty Loan Corporation of Dubuque v. Fassbinder, 176 N.W.2d at 159.

The matter before us does not involve the usual situation of multiple plaintiffs suing a single defendant. It concerns a single plaintiff, Bridal Publications, Inc., and multiple defendants. It is obvious the trial court could not have entered judgment against any individual defendant for the requisite jurisdictional amount· in view of the amounts claimed in the pleadings and the principles recognized in the foregoing authorities. Of the thirteen individual claims asserted by plaintiff there is not one, standing alone, where the amount in controversy as shown by the pleadings is sufficient to satisfy the requisite jurisdictional amount necessary to confer appellate jurisdiction.

We hold the amount of plaintiff's claim and the counterclaim, even though compulsory under rule 29, R.C.P., cannot be aggregated if neither alone is sufficient to confer jurisdiction.

It is to be noted this is not a situation where a plaintiff is seeking to aggregate multiple claims which are his own and held against a single defendant for the purpose of furnishing the jurisdictional amount in controversy. See Brush v. Incorporated Town of Liscomb, 202 Iowa 1155, 1156, 211 N.W. 856, 857 and Georgia Ass'n of Ind. Ins. Ag., Inc. v. Travelers Indem. Co., 313 F.Supp. 841, 843 (N.D.Ga.1970).

It follows plaintiff's appeal must be and is hereby dismissed in each of the 13 actions consolidated for trial in the district court.

II. There remains to be determined whether defendants' appeal from dismissal of their individual counterclaims is reviewable.

The factual circumstances do not present the problem where the amount of the counterclaim is being relied on to confer appellate jurisdiction since, as noted, no single defendant can alone supply the requisite jurisdictional amount in controversy for an appeal under rule 333, R.C.P. In view of our pronouncement in division I, supra, the problem where the amount of the counterclaim is being relied on to satisfy the jurisdictional amount by aggregation with the amount asserted in the original claim does not exist.

The question is whether several defendants can aggregate the amount of their counterclaims for the purpose of supplying this jurisdictional amount.

At the outset Tuthill Spring Co. v. Smith, 90 Iowa 331, 335, 57 N.W. 853, 855, decided in 1894, seems to permit aggregation in such circumstances. In the cited case the court said, " * * * The claims of the plaintiffs, though resting upon the same facts as to the liability of the defendant, were separate and independent, and therefore separate judgments had to be rendered; but neither this, nor the allowance

of time to file bills of exception, changes the fact that by agreement the cases were consolidated and tried as in equity. Being so consolidated, the amount in controversy in the combined cases exceeded $100; and, having been thus tried in equity below, appellants are entitled to a trial de novo in this court." The opinion gives no further indication of the reasoning upon which this statement is based.

*Tuthill* was relied on in Comstock v. City of Eagle Grove, 133 Iowa 589, 592–593, 111 N.W. 51, 52, which involved the sale of property of the appellees due to their failure to pay assessments levied for the construction of sewer along their properties. We set out the entire discussion of the question by the court in this 1907 opinion:

"There has come to us with the case a motion to dismiss for want of jurisdiction in this court to entertain the appeal. The motion is bottomed on the thought that the amount involved as related to the respective plaintiffs, taken separately, is less than $100—the jurisdictional amount as fixed by the statute. We think the motion should be overruled. The relief prayed is for a decree of cancellation and injunction, and it may be doubted if the case comes within the rule forbidding an appeal where the amount involved is less than $100. * * * [citing authorities]. But, if the amount of the assessment must be regarded as controlling upon the question of jurisdiction, it remains to be said that the petition makes it appear that the aggregate of the assessment as levied upon the properties of these plaintiffs is in a sum exceeding $100, and we think this must be held to govern. If, as might have been the case, each individual plaintiff had commenced an action demanding relief only as to himself, and such several actions were thereafter, by consent of parties or an order of court, consolidated and so tried, there can be no doubt in view of our former holdings but that the amount in controversy would be the aggregate of the assessments according to the schedule. Edwards v. Cosgro, 71 Iowa 296, 32 N.W. 350; Tuthill v. Smith, 90 Iowa 331, 57 N.W. 853. This is upon the theory that there is, then, but a single proceeding involving the aggregate of the matters in dispute. Now, here, instead of a consolidation of actions separately commenced, we have an action in which all the parties having a like interest join in its commencement. And this they were specially authorized to do by statute. Code, § 3460. In effect, the parties agreed beforehand to consolidate their causes of action into one proceeding, and the relief asked is that as to all the property owned by them the assessment and sale be canceled and set aside."

*Tuthill* is cited in Schultz v. Ford Bros., 133 Iowa 402, 109 N.W. 614 and in Brush v. Incorporated Town of Liscomb, 202 Iowa 1155, 211 N.W. 856, for the principle of aggregation of claims but both are factually distinguishable. Neither is of any help in resolving the question under consideration.

On the other hand, there are many federal cases holding the jurisdictional amount may not be achieved by such aggregation.

The principle of those federal cases is stated in this fashion in Georgia Ass'n of Ind. Ins. Ag., Inc. v. Travelers Indem. Co., 313 F.Supp. 841, 843:

"It is well settled, of course, that 'when two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount.' Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 40, 32 S.Ct. 9, 56 L.Ed. 81 (1911), quoted with approval in Snyder v. Harris, 394 U.S. 332, 336, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969)." See also Zahn v. International Paper Company, 414 U.S. 291, 294, 94 S.Ct. 505, 508, 38 L.Ed.2d 511; National Treasury Employees Union v. Nixon, 160 U.S.App.D.C. 321, 492 F.2d 587, 592 (1974); United Pacific/Reliance Ins. Cos. v. City of Lewiston, 372 F.Supp. 700, 701 (D.Idaho 1974); Albright v. R. J. Reynolds Tobacco Company, 350 F.Supp. 341, 351 (W.D.Pa.1972), aff'd, 485 F.2d 678 (3 Cir. 1973), cert. den., 416 U.S. 951, 94 S.Ct. 1961,

40 L.Ed.2d 301 (1974); Ramirez v. Knox, 330 F.Supp. 687, 689 (S.D.N.Y.1971).

Crenshaw v. Great Central Insurance Co., 482 F.2d 1255, 1259–1260 (8 Cir. 1973), has this statement:

" 'It is a familiar rule that when several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements.'

"The rule just stated forecloses the aggregation of the claims of the separate and distinct plaintiffs for the purpose of determining subject matter jurisdiction."

We recognize that the foregoing cases concern "the amount in controversy" necessary for jurisdiction in federal courts. However, we see no basis why the reasoning in those opinions should not be relied on in reaching a determination in this case.

 We therefore conclude the correct rule should be that the appellate jurisdiction of this court cannot be rested upon the aggregate of several totally separate and distinct claims no one of which is itself alone of sufficient size to confer such jurisdiction. This is true even though the actions had been consolidated in the trial court, if the recoveries sought would have been separate recoveries as in this case.

Insofar as Tuthill Spring Co. v. Smith, 90 Iowa 331, 57 N.W. 853 and cases following the statement regarding aggregation of claims contained therein are in conflict or disagreement with the foregoing statement of what we hold to be the proper rule, those cases are no longer to be considered as stating the law.

Although, as stated, no motion was made to dismiss either of these appeals this court can and should dismiss an appeal on its own motion when the lack of jurisdiction is apparent.

Defendants' appeals in each and every one of the 13 cases consolidated for trial are dismissed.

The costs on this appeal shall be taxed three-fourths to plaintiff-appellant and one-fourth to defendants-cross-appellants.

The appeal and all cross-appeals are therefore dismissed.