# IN THE COURT OF APPEALS OF IOWA

No. 15-0040
Filed October 28, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KENNETH DEAN WEAVER JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel (plea and continuation of sentencing) and Robert J. Blink (sentencing), Judges.

Kenneth Weaver appeals his sentence following his guilty plea to one count of theft in the second degree. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, John Sarcone, County Attorney, and Michael Salvner, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Kenneth Weaver appeals his sentence following his guilty plea to one count of theft in the second degree.

**I. Factual and Procedural Background**

On May 28 and June 5, 2014, Weaver sold photography equipment to a retailer in Urbandale. The description and serial numbers of the equipment matched those of equipment stolen in a car burglary on May 13, 2014. A police officer and a detective approached Weaver. Weaver agreed to speak with them. He admitted to selling the equipment to the retailer and admitted he knew the equipment was stolen. Weaver was charged with theft in the second degree in violation of Iowa Code section 714.1(4) (2013).[1]

Weaver pleaded guilty pursuant to a plea agreement. The terms of the agreement provided that the State would dismiss a separate charge against Weaver for driving while barred. Sentencing took place on December 4, 2014. Both Weaver and the State asked the court to sentence him according to the recommendations of the presentence investigation (PSI) report. The court also had medical reports stating Weaver was unable to work due to back pain. However, those reports were generated in March of 2014. During the colloquy, Weaver's counsel stated Weaver agreed he would be able to perform work tasks that were not physically demanding. The court sentenced Weaver according to the PSI recommendations: a five-year term of incarceration that the court

---

[1] Iowa Code section 714.1(4) provides, "A person commits theft when the person . . . [e]xercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen . . . ."

suspended, two years on probation with placement in a residential facility, a suspended fine, surcharges, and restitution. In its sentencing order, the court ordered the driving-while-barred charge dismissed and ordered Weaver to pay the court costs of the dismissed charge. Weaver appeals.[2]

## II. Standard of Review

We review the district court's sentencing order for the correction of errors at law. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). "We may correct an illegal sentence at any time." *State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008). Otherwise, "[w]e will not vacate a sentence on appeal unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014). "We review ineffective-assistance-of-counsel claims de novo." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

## III. Discussion

Weaver raises three issues through counsel and multiple additional issues pro se.

### A. Abuse of Discretion

Weaver first asserts the district court's sentencing decision to place him in a residential facility constituted an abuse of the court's discretion. *See State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). "An abuse of discretion is found when

---

[2] Weaver filed a pro se notice of appeal on January 9, 2015. Although the notice of appeal was not timely, our supreme court ordered sua sponte the appeal to proceed because Weaver had "exhibited a good faith effort to perfect his appeal within the applicable time period."

the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.*

Weaver concedes the district court sentenced him in accordance with the sentence he himself requested.[3] He nevertheless argues the court was required to sentence him even more leniently by granting him street probation. Weaver argues the court abused its discretion by placing him in a residential facility and requiring him to obtain employment. His argument ignores the fact that the court ordered him to obtain employment only "to a degree [he is] reasonably able to do so." Weaver himself stated to the court through counsel that he believed he would be able to perform work that is not physically demanding. The medical report from Weaver's doctor states that, as of March 2014, he was unable to work; however, it also contemplates his ability to eventually rejoin the workforce. The court's exercise of discretion in sentencing Weaver was not clearly untenable or unreasonable. The sentence in fact comported with Weaver's expectations and request. We affirm the district court's exercise of its discretion in sentencing.

### B. Impermissible Sentencing Factor

Weaver next suggests the district court considered an impermissible factor in reaching its sentencing decision, requiring resentencing before a different

___

[3] The State proposes a novel application of our error preservation and waiver doctrines that would render Weaver's abuse-of-discretion claim waived. The State argues Weaver should not be permitted to challenge a sentence he requested, citing as analogies our invited-error rule pertaining to evidentiary objections and probationers' challenges to their own requested extensions. *See State v. Mandicino*, 509 N.W.2d 481, 481 (Iowa 1993); *State v. Hinkle*, 229 N.W.2d 774, 750 (Iowa 1975). Though the State presents a colorable argument, we decline to create a new rule of law restricting defendants' abilities to challenge a sentencing court's exercise of discretion in cases such as the one before us now.

judge. *See Lovell*, 857 N.W.2d at 242–43. Weaver argues "[t]he perception that [he] was a bad father to his children is not a permissible sentencing consideration." He cites no controlling authority standing for this proposition. His sole citation is to an unreported case from this court that is factually distinguishable from the case before us now. *See State v. Conrad*, No. 12-0670, 2013 WL 93013, at *2 (Iowa Ct. App. Jan. 9, 2013). In *Conrad*, we considered a sentencing in which one factor the district court considered was its stated goal of "keep[ing] [the defendant] away from that child for as long as possible." *Id.* Our holding was not based on the court's mention of the child but on the court's attempt "'to deliberately lengthen a sentence in an effort to interfere with parole practices.'" *See id.* (quoting *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa 1994)); *see also State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977).

It is clear the district court in this case did not make its sentencing decision with a mind toward separating Weaver's children from him for as long as possible because it suspended Weaver's five-year incarceration term. We are not persuaded that the mention of Weaver's children amounted to the consideration of an impermissible factor in making a sentencing decision. We affirm the district court.

### C. Court Costs

Weaver argues the district court erred in assigning to him the court costs of a dismissed criminal charge. By statute, court costs are not recoverable from a defendant if the charge against him is dismissed. *See* Iowa Code § 815.13. The State does not contest that the costs were erroneously assigned to Weaver. Instead, the State argues the issue is not properly before this court. We

disagree. Although the costs arose from a different cause of action with a different case number, they were assigned in the sentencing order for the theft charge. In that sense, the portion of Weaver's sentence ordering him to pay the contested costs renders the sentence *for the theft charge* illegal.[4] Weaver may challenge, and we may correct, an illegal sentence at any time. *See State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).

We find and no party contests that the assignment of the costs of the driving-while-barred charge constitutes an illegal sentence. We vacate the illegal part of the sentencing order and remand for entry of a corrected sentencing order consistent with this ruling.

### D. Defendant's Pro Se Claims

Lastly, Weaver filed a pro se appellate brief that may be read to raise several additional issues. He first suggests the district court's sentence was the result of an unspecified "conflict" involving his medical records, his counsel, and the district court judge. He claims this conflict led to an improper sentencing decision. We have considered his argument in reaching our conclusion as to the abuse-of-discretion claim asserted by Weaver's counsel.

---

[4] We recently reached a similar conclusion in *State v. Jenkins-Wells*, No. 14-0432, 2015 WL 3623642, at *1 n.1 (Iowa Ct. App. June 10, 2015). The State argues our conclusion in *Jenkins-Wells* was in error, but it cites no authority to demonstrate what error occurred. The State mischaracterizes our conclusion in *Jenkins-Wells* as a reliance on the rule that "an illegal sentence can be challenged at any time." *See State v. Gordon*, 732 N.W.2d 41, 43 (Iowa 2007). However, *Jenkins-Wells* actually involved the fact that the court costs for the dismissed counts were assigned in the sentencing order for the charges to which the defendant pleaded guilty. *See Jenkins-Wells*, 2015 WL 3623642, at *1. The State is correct insofar as there were other avenues Weaver could have taken to attack the assignment of these costs, but that fact does not invalidate the claim before us now.

Next, Weaver appears to claim there was no factual basis to support his guilty plea, stating he did not steal the camera equipment and did not definitively know whether it was stolen property. However, Weaver did not move in arrest of judgment, and we find this claim is not preserved for review.[5] *See State v. Martin*, 778 N.W.2d 201, 202–03 (Iowa Ct. App. 2009) ("If a defendant does not file a motion in arrest of judgment, the defendant is precluded from asserting [factual-basis] challenges on appeal.").

Weaver goes on to assert his trial counsel was ineffective.[6] He first claims counsel was ineffective in the plea negotiation process. He asserts he would have prevailed on the driving-while-barred charge at trial, meaning that a plea deal dismissing that charge was of no benefit to him. He further claims counsel was ineffective at the plea hearing because counsel failed to raise the issue of Weaver's medical troubles with the court in order to guide the court to a proper sentence in light of his medical limitations.

We find the record is sufficient to dispose of all asserted grounds of ineffective assistance. *See Straw*, 709 N.W.2d at 133. To establish an ineffective-assistance claim, Weaver must prove by a preponderance of the evidence both that "(1) his trial counsel failed to perform an essential duty, and

---

[5] Insofar as Weaver's pro se brief may be read to insinuate—although it does not assert—counsel was ineffective for permitting Weaver to plead guilty with no factual basis, we find counsel had no duty to prevent him from doing so because the record is clear a factual basis exists. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

[6] We consider the merits of these claims because "[i]neffective-assistance-of-counsel claims are not bound by traditional error-preservation rules." *See State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006).

(2) this failure resulted in prejudice." *Id.* We find he cannot prove prejudice on his ineffective-assistance claims.

In the context of a guilty plea, "to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he . . . would not have pleaded guilty and would have insisted on going to trial." *Id.* at 138. Weaver's guilty plea afforded him a favorable sentencing recommendation from the State. The district court adopted the recommendation. Given this benefit along with the strength of the factual record pertaining to the theft charge—including Weaver's own admissions to police—we find there is no reasonable probability that Weaver would have elected to go to trial.

As to counsel's failure to mention Weaver's medical status at the hearing, we find no support for the proposition that the district court's sentence "would have been different" even if counsel had done so. *See id.* at 141 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). During the colloquy, the court discussed the issue of Weaver's medical condition and ability to work with Weaver directly. The court also had the appropriate medical reports before it when it reached its sentencing determination. The sentencing order accounts for Weaver's medical issues by requiring him to engage in "a full-time combination of employment and study, *to the degree reasonably able to do so.*" Since the court expressly considered Weaver's ability to work and ordered a sentence that accounts for any medically necessary restrictions, counsel's failure to speak to Weaver's medical status did not result in any prejudice.

Having also considered all other issues raised, we find Weaver is not entitled to relief on any of the grounds raised in his pro se brief.

**IV. Conclusion**

We find the district court did not abuse its discretion or consider an impermissible factor in sentencing Weaver. Weaver is not able to establish his ineffective-assistance claims. We conclude the district court's assignment of the costs of a dismissed charge to be an illegal portion of the sentence as to the theft charge. We vacate the illegal part of the sentencing order and remand for entry of a corrected order.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**